Cheshire,
June 5, 1951. } No. 4023.

KEENE *v.* ROXBURY.

*Kenneth J. Arwe* for the city of Keene.

*Robert J. Doyle* (by brief and orally), for the town of Roxbury.

DUNCAN, J.   On the former transfer of this case it was decided that the proceeds of the sale of water by the plaintiff to the North Swanzey Water and Fire Precinct did not constitute revenue in the nature of rent so as to subject the plaintiff to taxation upon property held by it in the defendant town for the purpose of a water supply. R. L., *c.* 73, *s.* 12; *Keene* v. *Roxbury*, 96 N. H. 233.   The agreed statement of facts discloses that in the year 1948 the plaintiff sold to the North Swanzey Water and Fire Precinct a total of 9,108,000 gallons of water out of 605,575,000 gallons taken from the property of the plaintiff in Roxbury.   For water supplied to the precinct, the city received under a contract with the precinct entered into in 1937, the sum of $1,214.40 at a rate of ten cents per one hundred cubic feet.   It further appears from the agreed statement that water supplied to the precinct was distributed to water users in the precinct through a system belonging to the precinct, which furnished its own meters and maintenance.

The town takes the position that in supplying water to the precinct the city acted in a private or semi-private rather than governmental capacity, and thereby forfeited in whole or in part its right to tax exemption under the provisions of R. L., *c.* 73, *s.* 12. The law of this jurisdiction does not support this view.

The Legislature has by express statute exempted from taxation by a town, property in such town which is held by another city or town "for the purpose of a water supply." R. L., *c.* 73, *s.* 12.   The exemption is granted without restriction as to whether the property is held in a governmental or private capacity or as to the use made of the supply obtained.   By Revised Laws, chapter 56, section 15, municipalities are authorized to "contract with . . . other municipalities and the citizens thereof for supplying them with . . . water," subject to approval of such contracts by the Public Service Commission.

In *Keene* v. *Roxbury*, 81 N. H. 332, where it appeared that the

city's water supply was used by consumers in Roxbury as well as Keene, it was held that the use made was a public use, and that the property held for the purpose of the water supply was not taxable by the town of Roxbury. The opinion of the Chief Justice in *Canaan* v. *District*, 74 N. H. 517, was "adopted . . . as embodying 'a correct statement of the law,'" (*Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 17), and summarized as follows: "Towns as such have no constitutional rights in matters of taxation. No tax can be laid except by authority of the legislature; and the legislature may grant exemptions, either in express terms or by omitting certain property from the catalogue of taxable estate. It follows that the act in question violates no constitutional right of Roxbury, since it has no such right. *Canaan* v. *District, supra*, 517, 535-537." *Keene* v. *Roxbury, supra*, 334.

What was said in the opinion of *Parsons*, C. J. in *Canaan* v. *District* concerning the supplying of water by a district to its inhabitants applies with equal force to the supplying of water to inhabitants of another town. It establishes that the use of the property held by Keene in Roxbury is public although its enjoyment is extended to users in Swanzey. "In the protective power rests the authority for the entire water works constructing and maintaining power given the [plaintiff] and many other towns and districts . . . . That the supply of water for fire protection and the promotion of the health of the citizens is a public service in which the government may engage, . . . may safely be assumed without citation of authority." 74 N. H. 543. "The protection of the property, health, comfort, and lives of the citizens is within governmental power; and the exemption from taxation of waterworks designed for effecting such purpose has a plain tendency to encourage their construction and maintenance." *Id.*, 544. "If the ownership were entirely private, such private character would not invalidate a general tax exemption granted by the legislature under constitutional power to provide for the common benefit, protection, and security." *Id.*, 547.

The statute of exemption settles the issue that such "public property held for public use . . . is not taxable under any circumstances." *Lisbon District* v. *Lisbon*, 85 N. H. 173, 175.

The fact that the plaintiff derives income from its arrangement with the Swanzey precinct does not disprove the public nature of the use. It likewise derives income from the sale of water to its own inhabitants. If in so doing it may be thought to act in a

proprietary rather than a governmental capacity (*Shea* v. *Manchester*, 89 N. H. 547, 548), yet the use of the property is in the exercise of governmental power and as a public service to citizens of the state or some of them, is a public use. *Canaan* v. *District, supra*. "It is unnecessary to consider whether the ownership of these works . . . is or not, as to all . . . persons, governmental and public." *Id.* 546. A use may be entitled to aid under the protective power, as a public enterprise, even though made in a private or proprietary capacity, and even though the entire community does not directly enjoy it. The "service is no less public because it does not extend through the whole state." *Canaan* v. *District, supra*, 547. *Cf. State* v. *4.7 Acres of Land*, 95 N. H. 291; *Wayland* v. *Middlesex*, 4 Gray 500. The plaintiff's use was held to be public although it derived income from the sale of water to its own inhabitants. *Keene* v. *Roxbury, supra*. It is no less public because the plaintiff derives additional income from sale for the benefit of inhabitants of Swanzey.

The first question transferred looks to the issue of whether in selling water to the precinct the plaintiff acted in a governmental or private capacity. Since the use of the property sought to be taxed continued to be for a public purpose in either case, the issue as to the nature of the ownership is not material. The plaintiff is entitled to the exemption provided by the statute, and the second question transferred is answered in the affirmative. "Whether the ownership of the property used in promoting a public purpose is private or public is immaterial." *Canaan* v. *District, supra*, 547. The third question transferred calls for no answer in view of the foregoing replies. However, no statutory authority exists for the assessment of taxes upon water taken by the plaintiff, in any event.

*Case discharged.*

All concurred.