Belknap,
No. 4698.

Linwood W. Snow & a. v. Sanbornton.

Albert I. Pomerleau & a. v. Same.

Argued January 6, 1959.

Decided February 27, 1959.

*Normandin & Normandin* (*Mr. F. A. Normandin* orally), for the plaintiffs.

*Harold E. Wescott* (by brief and orally), for the defendant.

WHEELER, J. The only question which confronts us is the sufficiency of the evidence to support the findings of the master. In order to be entitled to relief it was incumbent on the plaintiffs to establish that their taxes were greater than they should be with respect to the taxes on other property in town. *Bemis &c. Bag Co.* v. *Claremont*, 98 N. H. 446. 449.

In 1951 the State Tax Commission appraised all the property in the town of Sanbornton in anticipation of the April 1, 1952, assessments. The Tax Commission recommended to the selectmen that for the purposes of assessment for taxation, the property should be assessed at fifty per cent of its true and fair value. The selectmen adopted these recommendations, and as a result thereof found that the true value of the property of Linwood W. and Beatrice R. Snow on April 1, 1952 was $62,600 and assessed the property for taxation purposes in the amount of $31,300.

In July 1952, the Snows sold a portion of this property to plaintiffs Albert I. and Annette A. Pomerleau for $20,000. On April 1, 1953, the selectmen found the true value of the property so conveyed to the Pomerleaus to be $30,200. The master recommended that the assessed valuation of the Snow property as of

April 1, 1952, be reduced from $31,300 to $24,000, and that the assessed valuation of the Pomerleau property as of April 1, 1953 be reduced from $15,100 to $11,000.

The town of Sanbornton contends that there was no evidence to support these findings. In reaching them it was proper for the master to consider the formula used by the State Tax Commission and adopted by the selectmen in arriving at a figure for tax assessment purposes. Valuation of property by assessors for the purposes of taxation in their official capacity is competent evidence for the Court to consider in tax abatement cases. *Ibey* v. *Ibey,* 94 N. H. 425, 427. This furnished him with a general pattern to use as a yardstick in determining whether or not such assessments were excessive in proportion to assessments on other property in town. In addition to this, there was evidence of the sale price of a portion of the Snow property to the Pomerleaus for $20,000. The master found that although this property was sold through a broker after some "dickering," its full market value was not reflected by the sale price but was less than the value of $30,200 placed on it by the selectmen, or $22,000. We are of the opinion that this evidence, together with the view, was sufficient to support the master's finding of the value of the Pomerleau property. See *Interstate Bridge Authority* v. *Ham Estate,* 92 N. H. 277.

As to the remaining tract not sold by Snow consisting of forty-eight acres and buildings, the evidence in the record is insufficient to support the finding of value.

The order below is sustained as to the Pomerleau property and set aside as to so much of Snow's property as was not sold to Pomerleau.

*Exceptions sustained in part and overruled in part.*

All concurred.