Cheshire,
No. 5322.

MARIANNE P. SAWTELLE

*v.*

HOMER J. SAWTELLE.

Argued March 3, 1965.
Decided May 24, 1965.

*Faulkner, Plaut, Hanna & Zimmerman* for the plaintiff, filed no brief.

*Homer J. Sawtelle* (by brief and orally), pro se.

LAMPRON, J.    These hearings involved motions filed by the defendant seeking modifications of a divorce decree entered in favor of the plaintiff on April 19, 1963.  *Sawtelle v. Sawtelle,* 105 N.  H.    177.  As part of the first of the hearings on these motions, held September 24, 1964, the Trial Court made available to both parties a portion of the transcript of certain evidence concerning the identification of personal property involved therein.    After the Court's decree on October 5, 1964, the defendant filed motions for modification which were heard on October 28, 1964, and denied.

The defendant filed a motion that the full transcripts of the

above hearings be filed with the clerk of court under the provisions of RSA 519:28. On his refusal to pay the cost of these transcripts in the amount of $46.20, defendant's motion was denied.

RSA 519:28 provides as follows: "TRANSCRIPTS AFTER TRIAL. A court stenographer shall make for the use of the court and parties, after any trial, whenever ordered by the court, a true report of all proceedings, and the court may order the original notes to be filed. Upon request of either party, the original stenographic notes, and a duly certified copy of them written out in full, shall, as soon as practicable, be placed on file."

RSA 519:30 provides in part as follows: "FEES FOR TRANSCRIPTS. The court, acting as a body, shall fix a schedule of prices for transcripts and for extra copies furnished to counsel or parties."

A "duly certified copy" of "the original stenographic notes" (RSA 519:28) is a transcript of those proceedings within the term "transcripts" in RSA 519:30. There is no contention that the price fixed for the transcripts requested by the defendant was not in accordance with "a schedule of prices" fixed under RSA 519:30. The Court properly denied defendant's request for transcripts when he refused to pay the amount of $46.20 estimated as the cost of the requested transcriptions of the original stenographic notes of these hearings.

Although defendant talks of a resulting denial of his constitutional rights, the record will not support a claim that he is prevented from appealing a substantial issue of law by reason of poverty. See *Hardy* v. *United States,* 375 U. S. 277.

*Exception overruled.*

All concurred.