Rockingham,
No. 6300.

KATHRYN LECLAIR *& a.*

*v.*

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY *& a.*

May 31, 1972.

*Shaines, Madrigan & McEachern* (*Mr. John H. McEachern* orally) for the plaintiffs.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Arthur A. Greene, Jr.,* orally) for the New England Telephone & Telegraph Company.

*Sulloway, Hollis, Godfrey & Soden* for the Public Service Company filed no brief.

GRIFFITH, J. The transferred matter arose subsequent to the settlement during trial of the above-captioned case. John Neilson, an associate professor of civil engineering at the University of New Hampshire, testified as an expert in the case. Defendants' counsel sought a transcript of his testimony from the court stenographer some time after the case was settled and was informed that it could only be obtained on order of the presiding justice. A petition to obtain the transcript was filed with *King,* J., who denied it and reserved and transferred the defendants' exception.

The superior court has broad administrative authority in the operation of the court including control of the work of court stenographers. The court is authorized by statute to appoint such official and part-time stenographers as they deem necessary and to set their compensation. RSA 519:26(supp.), 31(supp.). Since superior court judges are not provided with secretaries they are specifically authorized to utilize court stenographers for such secretarial work as they may require. RSA 519:26(supp.). We take judicial notice of the fact that the traditional wide use of depositions in discovery in this State and the lack of qualified stenographers has necessitated a substantial use of court stenographers in their out-of-court time for this purpose. Information on transcript backlog is furnished the chief justice of the superior court so that he may order such limitation on deposition work and allot such time out of court for transcription as he deems required to expedite court work.

RSA 519:28 provides that a court stenographer after trial shall make for the use of the court and the parties a true report of all proceedings "whenever ordered by the court."

In 1968, in order to establish uniformity in the furnishing of transcripts, an order was issued providing that requests for transcripts should be made to the presiding justice except where there was to be a transfer to the supreme court when the duty was delegated to the clerks of court. *See* Superior Court Rules 72, 73, adopted January 21, 1972. This order was within the administrative authority of the superior court. *Sawtelle* v. *Sawtelle,* 106 N.H. 304, 210 A.2d 474 (1965).

In their petition to the presiding justice the defendants offered no reason why they wished a transcript of this expert witness's testimony. The presiding justice noted that neither party had requested a transcript of the testimony during trial, that to his knowledge the witness had never testified before in any case so that the testimony had no relation to any prior or pending case, and that in the exercise of his discretion he would deny the petition because of the heavy transcript burden on court stenographers. In their notice of exception defendants stated that they had been informed that the witness was expected to testify as an expert in a pending case against their clients. In oral argument it appeared that this case was no longer pending but that counsel for the defendants expect that the witness may be used in future cases against their defendants. They desire to have a transcript of his testimony for the purpose of testing his credibility and qualifications in such future cases as he may appear in.

We are of the opinion that it would be an abuse of discretion for the trial court to deny upon payment a transcript to any party, counsel or person with a legitimate reason to have it. *See Sawtelle* v. *Sawtelle supra.* However, it is proper for the trial court in the interest of efficient use of court stenographers' time to limit transcripts unconnected with the trial and to establish priorities among transcripts ordered. Transcripts may properly be denied entirely to persons who desire them merely for the sake of curiosity or to gratify a whim. 20 Am. Jur. 2d Courts *s.* 62 (1965); Annot., 175 A.L.R. 1260 (1948).

The reasons advanced by the defendants to this court as to why they should have the transcript appears to be for a legitimate purpose. *Cf. New York Post Corp.* v. *Leibowitz,*

2 N.Y.2d 677, 143 N.E.2d 256, 163 N.Y.S.2d 409 (1957). From the record before us these reasons were not presented to the trial court who denied the petition. We sustain this denial but this does not prevent defendants' entering a new petition setting forth their reasons for desiring the transcript sought.

*Exception overruled.*

All concurred.