Board of Taxation
No. 6968

DARTMOUTH CORP. OF ALPHA DELTA

AND

GAMMA DELTA CHI CORP.

AND

GAMMA GAMMA HOUSE CORP.

v.

TOWN OF HANOVER

January 31, 1975

*Cooper, Hall & Walker ( Mr. Richard F. Cooper* orally) for plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Michael R. Callahan (Mr. Callahan* orally) for defendant.

KENISON, C.J. Plaintiffs, owners of three fraternity houses located on the Dartmouth College campus in Hanover, appeal from the denial of their motions for rehearing on petitions for tax abatement before the State board of taxation. RSA 71-B:12 (Supp. 1973); RSA 541:3, 6. Requests for abatement of 1971 property taxes were filed in February 1972. At a hearing on March 20, 1974, the board received evidence relative to plaintiffs' petitions, but denied relief in a written opinion dated May 20. The questions presented to this court are whether the board erred in sustaining the values assigned to the buildings by the town, whether the board's determination was contrary to the preponderance of the evidence, and whether the town's assessment procedures which were implicitly approved by the board's action discriminated against the plaintiffs.

The scope of judicial review is limited by statute. RSA 71-B:12 (Supp. 1973) requires that in general appeals from a State board of taxation ruling may be made only pursuant to RSA ch. 541 (Rehearings and Appeals in Certain Cases) which gives the board's findings of fact and determinations of law prima facie validity. RSA 541:13. However, in appeals from board decisions regarding tax abatement, RSA 76:16-a V (Supp. 1973), effective September 1, 1973, specifically provides that "[E]ither party aggrieved by the decision of the board of taxation may, within thirty days after notice in writing of the decision of the board of taxation, file notice of appeal to the supreme court specifying all the grounds upon which such party bases his objections. For the purposes of such appeal the findings of fact by the board shall be final and any such appeal shall be limited to questions of law." *See* N.H.S. Jour. 516 (1973); N.H.H.R. Jour. 1318 (1973). Since this is an

appeal from a board of taxation decision on a request for abatement, RSA 76:16-a V (Supp. 1973) applies.

Plaintiffs contend that the board erred in allegedly assigning value exclusively on the basis of the income-generating potential of the fraternity houses used as dormitories. To sustain this contention plaintiffs rely on "all uses for which the property inherently and in its own character are capable . . . ." as the determinative standard for assigning value. *Trustees of Phillips Exeter Academy v. Exeter,* 92 N.H. 473, 486, 33 A.2d 665, 673 (1943). They argue that since a fraternity house is specialized, it is incapable of advantageous use as a dormitory.

Taxable property is appraised by the selectmen of the towns at "its full and true value in money." RSA 75:1. In reviewing the value assigned to property by a town, the State board of taxation may consider comparable sales, cost less depreciation, income, and reproduction costs. *New England Power Co. v. Town of Littleton,* 114 N.H. 594, 598, 326 A.2d 698, 701 (1974); *Public Service Co. v. New Hampton,* 101 N.H. 142, 144-47, 136 A.2d 591, 595-97 (1957). While all of these approaches to ascertaining value may be helpful to the board, no single one is controlling in all cases. *Id.* Contrary to plaintiffs' characterization of the board's decision as based solely on the income approach, it is apparent from the May 20 opinion and the record below that the board also considered comparable sales and cost less depreciation. The board of taxation criticized the utility of all three approaches as applied to plaintiffs' property. Since comparable sales were found to be "virtually nonexistent" by the board, the market approach was regarded as not particularly helpful. Cost less depreciation was found not to be determinative of value due to the difficulty involved in estimating the cost of less ornate buildings with similar functional capabilities and because depreciation could not be accurately determined absent comparable sales. Since the residents of the fraternities determine the actual rents subject to college regulation, the board did not consider the income received from the buildings as being an entirely satisfactory mode for ascertaining value either.

In sustaining the values used by the town the board relied on a standard which combined an examination of "rental income from other dormitory facilities and the cost to produce such facilities, taking into consideration the conversion costs and housing capa-

bility . . . ." Although fraternities may be somewhat unique in theory, the buildings they own and occupy are not dissimilar from modern college dormitories which typically have large rooms for social functions as well as facilities for living. *See* Annot., 66 A.L.R.2d 904, 906 (1959); *Powers v. Harvey,* 81 R.I. 378, 381-82, 103 A.2d 551, 555 (1954); *Phi Beta Epsilon Corp. v. Boston,* 182 Mass. 457, 459, 65 N.E. 824, 825 (1903). In view of the functional similarity between fraternities and dormitories and considering that the college regulates the rents of both types of facilities, it was not unlawful for the board to consider the income and costs of the fraternity buildings if used as dormitories in ascertaining their assessed value.

Plaintiffs also maintain that the board's decision was unlawful because adequate evidence indicated that the values assigned to plaintiffs' buildings placed a disproportionate tax burden on plaintiffs. In order to support this view of the evidence plaintiffs argue that the sale of two other fraternity houses, followed by a reduction in their assessed values, is per se proof of disproportionality.

To prevail before the board the plaintiffs had the burden of proving that the assessments on their properties were disproportionately greater than those on other property owners in Hanover. *Ainsworth v. Claremont,* 106 N.H. 85, 87, 205 A.2d 356, 357 (1964). Although there is neither a finding of fact by the board in regard to sales of like property nor a transcript to enlighten us, it appears from the May 20 opinion and the exhibits that the board considered plaintiffs' evidence but did not accept it. The board specifically found that the assessment placed on plaintiffs' properties for the tax year of 1971 did not represent more than the taxpayers' fair share of the common tax burden. *Hampton v. Marvin,* 105 N.H. 34, 193 A.2d 441 (1963).

The fraternities further argue that the decision of the board is unlawful since it failed to recognize that the tax assessment procedures of the town of Hanover discriminated against them. U.S. CONST. amend XIV. The basis for plaintiffs' argument is that allegedly comparable property was reduced in assessed value by the town after it was sold to Dartmouth College, indicating that the college occupies a "most favored position" with the town. Although it is true that assessing some property in the same class at full value while undervaluing other property violates equal protection, plaintiffs must establish that they were victims of intentional or

arbitrary discrimination. *Southland Mall, Inc. v. Garner,* 455 F.2d 887, 889 (6th Cir. 1972); *Charleston Ass'n v. Alderson,* 324 U.S. 182, 191 (1945); *Sunday Lake Iron Co. v. Wakefield,* 247 U.S. 350, 352 (1918). In order to prevail the burden is on the taxpayers to show that something more than a mere error in judgment was involved. *Southland Mall, Inc. v. Garner supra; Charleston Ass'n v. Alderson, supra* at 190. In alleging that the town reassessed the value of other property after the property was sold to the college, the plaintiffs fail to meet the burden of proof.

In oral argument plaintiffs objected to the admission of hearsay before the board and to the lack of a transcript of the hearing on March 20, 1974. RSA 71-B:7 (Supp. 1973) (Hearing Procedure) specified that the board is not constrained by the strict rules of evidence adhered to in superior court. RSA 76:16-a IV (Supp. 1973). That hearsay evidence could be considered by administrative tribunals was recognized by this court even prior to the enactment of RSA 71-B:7. *Roy v. Water Supply Comm'n,* 112 N.H. 87, 92, 289 A.2d 650, 654 (1972). RSA 76:16-a III (Supp. 1973) provides that in hearings for a tax abatement by the board of taxation "[e]ither party may request that a stenographic record be kept of the hearing. Any investigative report filed by the staff of the board of taxation shall be made a part of such record." It does not appear in this appeal that any such request was made by either party. Accordingly this is no ground for overturning the decision of the board of taxation. *Cf. LeClair v. New England Tel. & Tel.,* 112 N.H. 187, 189, 294 A.2d 698, 699 (1972); *Sawtelle v. Sawtelle,* 106 N.H. 304, 305, 210 A.2d 474, 475 (1965).

*Appeals dismissed.*

GRIMES, J., did not sit; the others concurred.