Board of Taxation
No. 7390

TOWN OF HANOVER

v.

CITY OF LEBANON

April 30, 1976

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally) for the plaintiff.

*Decato & Cirone (R. Peter Decato* orally) for the defendant.

GRIFFITH, J. The town of Hanover appeals from a decision of the board of taxation denying abatement of real estate taxes assessed to Hanover for the year 1974 by the city of Lebanon on real property within Lebanon's boundaries known as the "Gile Tract." The board initially denied the abatement on August 26, 1975, and subsequently reaffirmed its decision at a rehearing held at the plaintiff's request on November 18, 1975. This appeal is incorrectly brought pursuant to the provisions of RSA ch. 541, since RSA 76:16-a V (Supp. 1975) is the applicable statute in appeals from board of taxation decisions on requests for abatement. *Dartmouth Corp. of Alpha Delta v. Hanover,* 115 N.H. 26, 27-28, 332 A.2d 390, 391 (1975). However, we will follow our usual practice of deciding the substantive issue involved without reference to procedural errors.

The Gile Tract, part of which lies in Hanover and part in Leba-

non, was purchased by Hanover in 1954 and used as a dump site until termination of that use was required in September 1972. In considering alternate uses for the property the town of Hanover utilized advice from various sources which counseled its development for recreational purposes. At all times since dumping operations ceased in 1972, the tract has been held open for public use and has in fact been used by the public for hiking, ski touring, snowmobiling, conservation field trips, bird watching and fishing. Trails have been laid out and improved by the Hanover Conservation Commission for these purposes. At no time since Hanover's acquisition of the tract has any portion of it located in Lebanon been occupied by any private, business or profit-making concern, nor has there been any industrial or commercial use of the property.

Although subsequently amended, in 1974 when this tax was assessed, the applicable statute RSA 72:23 read in pertinent part: "The following real estate ... shall be exempt from taxation: I. Lands ... owned by ... towns ...." The board of taxation, however, read this statute in conjunction with RSA 31:3, which states "Towns may ... hold real ... estate for the public uses of the inhabitants ...." The board reasoned that the two statutes together impose upon a town the burden of making an affirmative showing that its land is held for public use before being entitled to a tax abatement under RSA 72:23 I. The board relied upon *Keene v. Roxbury*, 81 N.H. 332, 126 A. 7 (1924), in reaching its decision.

However, at the time *Keene v. Roxbury supra* and its predecessor *Whitefield v. Dalton*, 80 N.H. 93, 112 A. 907 (1921), were decided, the statutory provision then in effect read "real estate ... is liable to be taxed, except ... real estate of the ... town *used for public purposes*." (Emphasis added.) P.S., c. 55, §2; *Whitefield v. Dalton, supra* at 95, 112 A. at 908; *cf. Keene v. Roxbury*, 97 N.H. 82, 81 A.2d 439 (1951). In 1957, however, the legislature expressly deleted the "used for public purposes" requirement, substituting RSA 72:23 I in the form set forth above. Laws 1957, 202:2. Under this statute, an affirmative showing of public use is not required of a town seeking abatement.

If a town holds real property in violation of the powers granted to it by the legislature, then an issue would be raised under RSA 72:23 I as written at the time in question as to whether the property was properly "owned" by the town within the meaning of that statute. However, Hanover's present use of the land is explicitly authorized by RSA 31:44, empowering a town to prepare, equip

and maintain land belonging to it for recreational purposes. Inasmuch as Hanover's ownership of the tract is thus sanctioned by RSA ch. 31, it was entitled to a tax abatement under RSA 72:23 I.

*Appeal sustained.*

All concurred.