Board of Taxation
No. 81-118

## APPEAL OF HARVEY ROAD ASSOCIATES VII
### (New Hampshire Board of Taxation)

January 15, 1982

*Nix & Wendell,* of Manchester (*Grenville Clark, III,* on the brief and orally), for Harvey Road Associates.

*Bossie, Kelly & Hodes P.A.,* of Manchester (*Robert F. Bossie* on the brief and orally), for the Town of Merrimack.

BATCHELDER, J.  Harvey Road Associates VII (hereinafter the taxpayer) appeals from an order of the Board of Taxation dated March 12, 1981, denying an abatement of a portion of its taxes levied by the Town of Merrimack resulting from a 1979 assessment of $682,560 on its land. An additional assessment on a partially constructed hotel on the land is not in dispute. The portion of the decision which contains the board's findings, rulings, and order follows:

> "The Board finds that the local approval for the construction of the subject hotel property was conditioned upon the maintenance of a part of land in its natural state, since it abuts a residential area.
> The Board finds, further, that the allegedly unusable real land does add a rural-charm value to the subject property.
> On the evidence, which included the detailed report by its review appraiser, the Board finds that the Taxpayer has failed to prove that the assessment is unfair, improper, or inequitable or that it represents a tax in excess of the Petitioner's just share of the common tax burden. The finding is, therefore:
> Abatement denied."

Through RSA 76:16-a, the legislature "designed the board of taxation as a tribunal intended to function with less formality

and greater latitude than the superior court, but restricted to decisions within the framework of the law." *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 134, 336 A.2d 591, 593 (1975). To insure that the board's "decisions are lawful, *we must have the essential findings of fact upon which the decision of the board was based.*" (Emphasis added.) *Id.,* 336 A.2d at 593.

■ The scope of review in cases appealed under the provisions of RSA 76:16-a is limited to questions of law; findings of fact by the board are final. RSA 76:16-a V (Supp. 1979); *see Demoulas v. Town of Salem,* 116 N.H. 775, 779, 367 A.2d 588, 592 (1976); *Dartmouth Corp. of Alpha Delta v. Hanover,* 115 N.H. 26, 27–28, 332 A.2d 390, 391 (1975). We have upheld the board's decision absent specific findings of fact only when its basis was clear in the record. *Amsler v. Town of South Hampton,* 117 N.H. 504, 506, 374 A.2d 959, 960 (1977); *Vickerry Realty Co. Trust v. City of Nashua,* 116 N.H. 536, 537–38, 364 A.2d 626, 628 (1976). This court has remanded for further proceedings and/or findings when "[i]t is impossible for us to tell what facts as found by the board support its finding that the assessment was proper and that no abatement was warranted . . . ." *Vickerry Realty Co. Trust v. City of Nashua,* 116 N.H. at 538–39, 364 A.2d at 629.

■■ The question of law presented is whether, on the record before us, there are sufficient findings of fact to justify the board's decision to deny the taxpayer's request for an abatement. Without ruling upon the merits of the taxpayer's request, we hold that the findings of fact as contained in the board's decision are insufficient to support its decision. Although it appears that the board had before it evidence of sales prices of other comparable property, the sale price of the property in question, and several appraisals of the property in question, we are unable to tell how the board evaluated this evidence. When there appears to be some credible evidence before the board, a decision that amounts to a bald conclusion that the taxpayer has failed to satisfy his burden of proof cannot, without more, be sufficient to support the board's decision. *Public Serv. Co. v. Town of Ashland,* 117 N.H. 635, 640, 377 A.2d 124, 127 (1977), can be distinguished because it involved the property of a regulated public utility which is extraordinarily difficult to appraise. *Id.* at 638, 377 A.2d at 125. Accordingly, the matter is remanded for further findings.

*Remanded.*

All concurred.