Board of Tax and Land Appeals
No. 85-046

## APPEAL OF CLARK HILL FOREST PRODUCTS, INC.
### (New Hampshire Board of Tax and Land Appeals)

July 29, 1986

*Castaldo, Hanna & Malmberg P.C.*, of Concord (*Katherine M. Hanna* on the brief), by brief for Clark Hill Forest Products, Inc.

*Donald C. Koury*, of Lebanon, waived brief for the Town of Dorchester.

BROCK, J. Clark Hill Forest Products, Inc. (the taxpayer) appeals from a decision of the New Hampshire Board of Tax and Land Appeals (the board) denying its request for a partial abatement of the timber yield tax assessed against it by the Town of Dorchester (the town) for timber cut and used for firewood, pallet logs, and pulp. RSA ch. 79 (1970 & Supp. 1985). We reverse and remand with instructions to grant the requested abatement.

Following receipt of its 1983–84 timber yield tax bill, the taxpayer sought a partial abatement of the tax assessed, asserting that the value placed on certain low quality timber was too high. In

response to this request, the town offered the taxpayer a 5% reduction in the tax because the wood lots were "difficult to cut." Believing that this reduction was insufficient, the taxpayer appealed to the board pursuant to RSA 79:8 (Supp. 1985) (section effective until April 1, 1986). Following a hearing, the board denied the taxpayer's request for an abatement. Thereafter, the taxpayer appealed to this court, RSA 76:16-a, V (Supp. 1985), requesting that we reverse the board's denial of an additional abatement and that we remand the case to the board with instructions to allow the abatement.

██ The scope of review in an appeal under RSA 76:16-a is limited to questions of law. *Appeal of Harvey Road Assoc's*, 122 N.H. 24, 26, 440 A.2d 11, 12–13 (1982). Although findings of fact by the board are final, the board's decision must normally be supported by specific findings of fact that will enable this court to conclude that the decision was supported by the evidence. *Id.* The question presented in this case is whether there is sufficient evidence in the record to support the board's decision denying the taxpayer relief.

On appeal, the taxpayer argues that the board's decision is not supported by the evidence because (1) the town presented insufficient evidence to substantiate its assessment; and (2) substantial evidence presented by the taxpayer indicates that the town's assessment of stumpage value exceeded the actual fair and true value. In particular, the taxpayer asserts that the town presented insufficient evidence to show that it complied with the statute in calculating stumpage value. RSA 79:1, III (Supp. 1985) (section effective until April 1, 1986). This statute provides as follows:

> "When open competitive bids have been the basis for sales on a per cord or per thousand basis, the price so paid shall be considered for assessment purposes. When open competitive bidding is not the basis for sales the assessing officials shall give consideration to the amounts received in competitive bidding on a per cord or per thousand basis on stumpage sales in the vicinity but may also consider prices offered for stumpage logs, pulpwood, fuelwood, or other forest products, current operating costs including a reasonable margin for profit and risk and similar data, taking into consideration the relative difficulties of logging in each individual case."

RSA 79:1, III (Supp. 1985) (section effective until April 1, 1986).

The statute sets forth three methods of assessing stumpage value. In its decision, the board acknowledged that the first method of assessment was not appropriate in this case because "the subject

stumpage was not sold by open competitive bidding." The board infers that the town used the second method for assessing stumpage value; that is, giving consideration to competitive bidding on stumpage sales in the vicinity. This inference is drawn from the board's reference to comments made in a letter from the town to the board.

The town failed to appear at the hearing before the board and presented limited evidence, in the form of a letter, supporting its determination. In this letter, the town indicated that it used the higher values within the range of suggested values for the middle section of New Hampshire after "making inquiries of land owners who had sold stumpage." The taxpayer presented evidence at the hearing that the town's assessment was too high, and that the third method for assessing stumpage value should have been used in this case. The third formula allows the town to consider prices offered for the stumpage, current operating costs, and the difficulties of logging, in addition to the amounts received in competitive bidding in the vicinity.

Although we undertand that failure of a party in interest to appear before the board does not result in a default, we note that the board is required to make a determination and issue a decision based on the evidence in its possesion. N.H. ADMIN. RULES, Tax 102.03(g). In this particular case, it does not appear that the board had before it sufficient information to support its inference that the town assessed the stumpage value using the second formula.

The second method of assessment requires giving consideration to amounts received in competitive bidding on stumpage sales in the vicinity. The board's inference that the fact that the town had made "inquiries of land owners who had sold stumpage" satisfied the second formula is unsubstantiated by any concrete evidence. Neither the town's letter nor the board's decision makes any mention of the identity of the landowners consulted, the nature of any sales considered, or any figures ascertained as a result of the inquiries.

██ The taxpayer, on the other hand, presented substantial evidence, including expert testimony and exhibits, to rebut the town's original reliance on the range of suggested values for the middle section of New Hampshire, and to suggest that elements contained in the third formula should be considered in this particular case. The third method is discretionary and, therefore, we are reluctant to require the town to use this method to assess value. However, based on the insufficiency of the evidence presented by the town and the substantial evidence presented by the taxpayer, we reverse the decision of the board, and order the board to grant the taxpayer's

requested abatement. We note in passing that RSA 79:1, III (Supp. 1985) has been amended effective April 1, 1986, changing the mandatory language relied on in this case to discretionary language.

*Reversed and remanded.*

SOUTER and JOHNSON, JJ., did not participate; the others concurred.