NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Board of Tax and Land Appeals
No. 2021-0289


APPEAL OF ELEONORA POROBIC
(New Hampshire Board of Tax and Land Appeals)

Submitted: June 14, 2022
Opinion Issued: October 18, 2022


Cooper Cargill Chant, P.A., of North Conway (Randall F. Cooper on the brief), for the petitioner, Eleonora Porobic.


Donahue, Tucker & Ciandella, PLLC, of Exeter (Brendan A. O'Donnell and Christopher T. Hilson on the brief), for the respondent, Town of Bartlett.


HANTZ MARCONI, J. The petitioner, Eleonora Porobic, appeals a decision of the New Hampshire Board of Tax and Land Appeals (BTLA) granting her only a partial abatement of taxes assessed by the respondent, the Town of Bartlett. We affirm.

I

This case involves a challenge to the Town's 2018 tax assessment of a single-family home located on 0.88 acres of land owned by Porobic. In 2017, the property was assessed at $206,000. In 2018, following the construction of an addition to the house and the clearing of trees, which expanded a view of the mountains, as well as a "full update" of property values in the Town by its

new assessing contractor, Avitar Associates of New England, Inc., the property was assessed at $408,400. After the Town denied Porobic's abatement request, she appealed to the BTLA. See RSA 76:16-a (Supp. 2021).

In April 2021, the BTLA held a hearing. During the hearing, Porobic did not challenge the Town's 2018 assessment of the building and improvements (valued at $147,500); rather, she challenged the assessment of the land (valued at $260,900). Specifically, she objected to the Town's position that the value of the land had increased by $153,000 as a result of the expanded view of the mountains. Porobic submitted an appraisal of the property prepared by Nanci Stone-Hayes, a certified general appraiser, valuing the property at a fair market value of $270,000 (Hayes Appraisal), and argued that she was entitled to an abatement based on that valuation. The Town, however, defended its assessment, arguing that the Hayes Appraisal understated the value of the expanded view. Through David Woodward, a certified property assessor supervisor with Avitar, the Town submitted a comparable sales analysis suggesting a fair market value for the property of between $425,700 and $499,300. The Town argued that, because its assessment was within this range — once adjusted using the agreed-upon equalization ratio of 89.1% — Porobic's assessment was proportional, and, therefore, her request for an abatement should be denied.

The BTLA found neither party's valuation entirely persuasive. With respect to the Hayes Appraisal, the BTLA noted that, because Porobic did not challenge the assessment of the building and improvements, the Hayes Appraisal would, after deducting that amount, yield an assessment on the land that was *lower* than it had been in the prior tax year. The BTLA observed that "[t]his calculation, in and of itself, casts some doubt on the validity of Ms. Hayes' $270,000 value conclusion as the basis for a finding of disproportionality." Further, the BTLA found that Stone-Hayes' testimony was not credible "insofar as she contended property buyers in the Town would not place a contributory value of more than $25,000 to $30,000 for a property with a view when compared to one without a view." The BTLA found that "a fixed lump sum conclusion about the contributory value of a view is implausible, at best," and that "[t]here can be little doubt that [the] view attributes noted by the Town's assessor, such as 'width, depth, distance and subject matter[,]' can affect market value."

Nonetheless, the BTLA determined that, although the Hayes Appraisal understated the property's market value, the Town's assessment overstated it. Recognizing the subjective nature of determining the contributory value of a view, the BTLA used "its judgment and experience, . . . weigh[ed] all of the evidence presented, including the photographs and other detailed information in the Avitar manual, the Hayes Appraisal . . . , the Town's comparable sales analysis and the testimony at the hearing," and found that "the contributory value of the view in tax year 2018 was $90,000 (instead of the $153,000 shown

2

on the assessment-record card).” (Footnote omitted.)  Consequently, the BTLA concluded that Porobic had carried her burden to demonstrate that the property was assessed at a higher percentage of fair market value than the general level of assessment in the Town, and that, as such, she was paying more than her proportional share of taxes.  See Shaw’s Supermarkets v. Town of Windham, 174 N.H. 569, 573 (2021).  Accordingly, the BTLA granted Porobic’s request for an abatement, and reduced the property’s 2018 assessed value to $345,400.  This appeal followed.

II

Before considering the case before us, we briefly reexamine our standard of review.  As we have observed, “[a] standard of review lies at the heart of the appellate function.”  Magee v. Cooper, 174 N.H. 647, 650 (2021).  “It sets forth the amount of deference to be accorded the decision under review.”  Id.  Where, as here, a party appeals a decision of the BTLA, it may be appealed “only in accordance with the provisions of RSA [chapter] 541.”  RSA 71-B:12 (2012); see also RSA 76:16-a, V (“Either party aggrieved by the decision of the [BTLA] may appeal pursuant to RSA 71-B:12.”).

Under RSA chapter 541, the party seeking to set aside the BTLA’s decision bears the burden to show that it is “clearly unreasonable or unlawful.”  RSA 541:13 (2021).  The burden of proof, as prescribed by RSA 541:13, instructs, in part, that “all findings of the [BTLA] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable.”  Id.  However, in appeals from the BTLA — regarding tax abatement — RSA 76:16-a, V specifically provides that “[f]or the purposes of such appeal, the findings of fact by the [BTLA] shall be final.  Any such appeal shall be limited to questions of law.”  RSA 76:16-a, V.  Because this is an appeal from a BTLA decision on a request for abatement, RSA 76:16-a, V controls.  Dartmouth Corp. of Alpha Delta v. Town of Hanover, 115 N.H. 26, 27-28 (1975).

We now return to the case before us.

III

Porobic argues that the BTLA erred when it considered the Town’s assessment and comparable sales analysis prepared by Avitar, as well as the testimony of its expert, Woodward.  She advances numerous challenges to Avitar’s assessment and methodology, contending that this evidence is so unreliable that it was unjust and unreasonable for the BTLA to consider it in determining the fair market value of the property.

First, we note that the BTLA is not bound by the technical rules of evidence.  See RSA 76:16-a, IV.  It was free to consider the Town’s assessment and other valuation evidence in determining the property’s fair market value.

See Paras v. Portsmouth, 115 N.H. 63, 67-68 (1975) (holding that "all relevant factors to property value should be considered"); Snow v. Sanbornton, 102 N.H. 11, 13 (1959) (holding that valuation of property by tax assessors is competent evidence in tax abatement cases).

Second, even if we were to assume that Porobic is correct that the Town's assessment methodology is flawed, it is well-established that that is not the pertinent issue in an abatement proceeding. See, e.g., LLK Trust v. Town of Wolfeboro, 159 N.H. 734, 739 (2010) (holding that disproportionality, and not methodology, is the linchpin in establishing entitlement to an abatement). As we explained in LLK Trust, challenges alleging flaws in the Town's assessment methodology concern the weight to be accorded that evidence and "we defer to the [fact-finder's] judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Id.

Here, the record reflects that the BTLA weighed Porobic's challenges to the Town's methodology, and, after expressly considering all of the evidence before it, including both parties' comparable sales analyses, the BTLA determined that neither the Hayes Appraisal nor the Town's assessment accurately stated the property's fair market value. Instead, "[u]sing its judgment and experience, including the photographs and other detailed information in the Avitar manual, the Hayes Appraisal presented by the taxpayer, the Town's comparable sales analysis and the testimony at the hearing," the BTLA determined that the contributory value of the view was $90,000 — not $153,000 as the Town had maintained — and that, therefore, the property's assessed value should have been $345,400.[1]

This it was entitled to do. The determination of fair market value is an issue of fact, and, as the trier of fact, the BTLA was free to accept or reject such portions of the evidence as it found proper, including that of expert witnesses, and was not required to believe even uncontroverted evidence. See Appeal of Pub. Serv. Co. of N.H., 159 N.H. 479, 484 (1984) (explaining that, in that case, this court would overturn the BTLA's decision "only if the record reveals that the board did not give proper consideration to all the evidence when making its findings"). Indeed, "[i]n arriving at findings of fact that do not exactly correspond to either party's evidence, but are within the parameters of the conflicting evidence submitted, the [BTLA] merely employs its statutorily countenanced ability to utilize its experience, technical competence and specialized knowledge in evaluating the evidence before it." Appeal of City of

---

[1] To the extent Porobic argues that the BTLA erred because it expressed its valuation finding in terms of assessed value and not fair market value, we are not persuaded. The parties agreed that the equalization ratio was 89.1%; accordingly, a finding expressed in terms of assessed value can easily be converted to fair market value simply by applying that ratio. The valuation finding is the same regardless of how it is expressed.

4

<u>Nashua</u>, 138 N.H. 261, 265 (1994) (quotation omitted); <u>see also</u> RSA 541-A:33, VI (2021) (providing that an administrative agency may utilize its "experience, technical competence, and specialized knowledge" in evaluating evidence); RSA 71-B:1 (requiring BTLA to be composed of members "learned and experienced in questions of taxation or of real estate valuation and appraisal or of both").

In reviewing the BTLA's decision, we accept its factual findings as final and limit our review to questions of law. RSA 76:16-a, V. The standard articulated in RSA 76:16-a, V does not mean that the Board's factual findings are unreviewable, <u>see</u> RSA 76:16-a, V (appeals from decision of the BTLA are "limited to questions of law"), but rather that such findings will not be disturbed unless clearly made "without evidence." <u>See</u> <u>Kierstead v. Betley Chevrolet-Buick, Inc.</u>, 118 N.H. 493, 496-97 (1978) (the question of sufficient evidence, as opposed to its weight, is dealt with as a matter of law). In addition to her challenge to the Board's weighing of the evidence, which we addressed supra, Porobic also asserts that there is insufficient evidence to support the Board's decision. Such a challenge to the sufficiency of the evidence presents a question of law. <u>Id</u>. at 496. Accordingly, we will not overturn the BTLA's factual findings if there is any evidence to support them and we will review its decision only for legal error. Here, the record contains the reports of both parties' experts, which, in turn, contain information from several comparable properties. While the BTLA did not credit the experts' ultimate opinions of value, it had before it the raw data on comparable properties on which the experts based their opinions. Thus, the information and values ascribed to these similar properties provided a basis for the BTLA's factual findings and its decision. Based on our review of the record, we conclude that Porobic has failed to demonstrate that the BTLA's decision is unsupported by the evidence or the result of legal error. Accordingly, we affirm its decision.

<u>Affirmed</u>.

MACDONALD, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred.