Belknap, }
Dec. 4, 1906. }

Winnipiseogee Lake Cotton and Woolen Manufactur-
ing Co. v. Laconia.

Same v. Same.

Same v. Same.

Same v. Same.

A judgment rendered on appeal from the refusal of selectmen to abate taxes
is not evidence of the true value of the property, in a proceeding for the
abatement of a tax subsequently assessed upon the same property.

In a proceeding for the abatement of taxes, the question technically in issue
is whether the petitioner is required by the assessment to contribute more
than his fair share of the public expense; but the true value of his prop-
erty is not technically in issue, although it may become material in the
course of the evidence.

In a subsequent suit for a different cause of action, a prior judgment between
the same parties is competent and conclusive evidence of only such facts as
were technically in issue and actually tried in the prior suit; and the facts
technically in issue in the former proceeding are such as upon the face of the ·
pleadings were essential to be established by one party or the other in that
action, and not such as became material by the course of the evidence.

Petitions, for abatements of a portion of the taxes assessed
upon the plaintiffs' real estate in the years 1893 to 1896, inclu-
sive. Transferred from the November term, 1905, of the superior
court by *Peaslee*, J.

The real estate in question was appraised by the defendants for
purposes of taxation in 1893 at $60,000, in 1894 at $68,600, and
in 1895 and 1896 at $67,100. Applications were seasonably made
to the selectmen for abatements, and after their refusal petitions
were filed in court within the time limited by statute. By agree-
ment of the parties the findings in similar proceedings by the
plaintiffs in 1890, 1891, and 1892 (67 N. H. 514), in which the
value of the property now in question was found to be $57,000,
were put in evidence. At the November term, 1905, of the supe-
rior court, the defendants petitioned to be relieved from this agree-
ment; and the court, being of opinion that the judgment in *Win-
nipiseogee etc. Co.* v. *Gilford*, 67 N. H. 514, was not evidence in
the case for the years 1895 and 1896, granted the petition as to
them, but denied it as to the years 1893 and 1894, stating, how-
ever, that if such evidence was admissible the petition should be
dismissed. To this ruling the plaintiffs excepted.

*Charles B. Hibbard* and *Harry G. Sargent*, for the plaintiffs.

*Stephen S. Jewett* and *Frank S. Streeter*, for the defendants.

Bingham, J.    The question presented by the exception is whether the judgment entered upon the appeal from the tax assessed in 1892 upon the plaintiffs' real estate is evidence of the true value of the same real estate in a subsequent appeal from the taxes assessed upon it in 1895 and 1896.    In *Winnipiseogee etc. Co. v. Laconia,* 68 N. H. 284, it was held: First, that the principles of *res adjudicata* apply in tax appeals as in other cases.    Second, that when the value of property upon a given date is *res adjudicata* between the parties, the judgment establishing such fact is conclusive proof of its value on that date, and if not too remote, competent evidence of the value of the same property at a later time in a subsequent suit between the same parties for a different cause of action.    Third, that in such case the value established by the prior adjudication would be the value at the later date, " except in so far as the property may have increased or decreased in value" during the intervening period; that "on the trial the inquiry would be restricted to the question of the alterations of value during that period and their extent."    And, fourth, that "the act of July 18, 1876 (P. S., c. 58, s. 7), providing that the assessors and selectmen shall, in the month of April in each year, examine all the real estate in their respective cities and towns, shall reappraise all such real estate as has changed in value in the year next preceding, and shall correct all errors that they find in the then existing appraisal, has no relation or application to the present question"; that "'the then existing appraisal' intended is the appraisal made by the last preceding board of assessors, and not the valuation established by a judgment."

The second conclusion reached in that decision is based upon the assumption that the true value of the appellants' property was technically in issue in the prior suit.    If the court was right in making this assumption, and the principles of *res adjudicata* apply in tax appeals notwithstanding our statutory and constitutional provisions for periodic revaluation, then there would seem to be no escape from the conclusion that the judgment in the appeal from the tax of 1892 was conclusive of the value of the property at that time; and not being too remote, was competent evidence of the value of the same property in 1893, on the appeal from the tax of that year.    But the rule is settled for this state, at least, that a fact embraced within a judgment, to be competent as evidence in a subsequent suit between the same parties for a different cause of action, must have been technically in issue in the prior

suit; and that if the fact was not technically in issue in that suit, —if its ascertainment was made material only by the course of the evidence,—that it cannot be proved by the judgment. *King* v. *Chase*, 15 N. H. 9; *Metcalf* v. *Gilmore*, 63 N. H. 174, 187, 189. In the latter case it was said: "The distinction is between facts which, being alleged in pleading, constitute a good cause of action or a good defence, and facts which are merely evidence—between facts which upon the face of the pleadings are essential to be established by one party or the other, and facts which upon the face of the pleadings are immaterial, and become material only by the course of the evidence. A judgment is conclusive upon the parties and privies of such of the former class of facts as are actually tried, but never of any of the latter class of facts, although they may be the only questions litigated."

The value of the appellants' property in 1892 having been actually tried in the appeal from the tax of that year, the material question for our consideration is whether that fact was technically in issue on that appeal. The subject-matter of the appeal was the recovery or abatement of the part of the tax for 1892 that was excessive. To entitle the appellants to a judgment in their favor they should have alleged in their petition and proved (1) that they had complied with the requirements of chapter 57 of the Public Statutes, and (2) that the tax they had paid or were required to pay was excessive—that it subjected them to more than their fair share of the public expense. The first allegation was essential to give the appellate court jurisdiction. P. S., c. 59, s. 11. The second was the issue upon which the action proceeded. *Edes* v. *Boardman*, 58 N. H. 580, 588, 589; *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200, 205; *State* v. *Corron*, 73 N. H. 434, 457, 458, 460. If the appellants established the fact that their tax for the year 1892 was excessive, they were entitled to a repayment or abatement of the excess tax, according as they had or had not paid it. They could have shown that the tax was excessive in various ways. If the whole or a part of the property taxed to them was exempt from taxation, they could have shown that their tax was excessive by proof that the whole or a part of their property was exempt. If they did not own the whole or a part of the property taxed to them, they could have shown the same fact by proof that they did not own any property in the taxing district, or a less quantity than was taxed to them. If their property was correctly appraised, they could have shown that their tax was excessive by proof that a greater valuation than that assessed upon it or too large a rate was made use of in computing the tax, or that some mathematical error occurred in the computation. And if the ratio between the true and assessed value of their property

was greater than the ratio between the true and assessed value of all other property in the taxing district, this might have constituted the evidence from which it could have been found that their tax was excessive. The proof of any one of these facts would not have been the issue upon which the appeal proceeded, but evidentiary facts from which the ultimate fact or issue could have been found; and they fall within the rule that "facts offered in evidence to establish the matters in issue are not themselves in issue, within the meaning of the rule, although they may be controverted on the trial." *King* v. *Chase, supra.* No one of them was essential to the petitioners' right of recovery on that appeal, while any of them could have been made material by the course of the evidence.

As the true value of the appellants' property on the first day of April, 1892, was not technically in issue on the appeal from the tax from that year and became material only by the course of the evidence, it follows that the assumption upon which the decision in *Winnipiseogee etc. Co.* v. *Laconia, supra,* was based is erroneous; that the judgment entered upon the appeal from the tax of 1892 is not conclusive evidence of the value of the appellants' real estate for that year, or competent evidence of its value in 1895 or 1896; and that the order must be,

*Exception overruled.*

PARSONS, C. J., and WALKER, J., did not sit: YOUNG, J., concurred.

CHASE, J., *dissenting.* The foregoing opinion, as I understand it, overrules *Winnipiseogee etc. Co.* v. *Laconia,* 68 N. H. 284, on the ground that the valuation of the plaintiffs' property in the prior judgment was not, as was held in that case, *res adjudicata* within the meaning of the rule recognized and approved in *King* v. *Chase,* 15 N. H. 9. It seems to me that the opinion takes an erroneous view of the decision in *King* v. *Chase,* or rather, makes an erroneous application of it.

The statute provisions relating to the abatement of taxes read as follows: "Selectmen, for good cause shown, may abate any tax assessed by them or by their predecessors." P. S., c. 59, s. 10. "If they neglect or refuse so to abate, any person aggrieved, having complied with the requirements of chapter fifty-seven, may, within nine months after notice of such tax, and not afterward, apply by petition to the supreme [now superior] court in the county, at a trial term, who shall make such order thereon as justice requires." *Ib., s.* 11. To authorize the selectmen to abate

taxes, "good cause" must be shown.  It is only when they neg-
lect or refuse so to abate—that is, to abate for "good cause"—
that the court has jurisdiction of the subject-matter.  In a petition
to the court for an abatement, it would seem to be prudent, if not
necessary, to allege the "good cause" relied upon by the peti-
tioner.  *State* v. *Corron*, 73 N. H. 434, 457.  That would seem to
be the matter "technically in issue."  A petition merely setting
forth that the petitioner's taxes for the year in question were
excessive and unequal, or were more than his fair share of the
public expense, would, to say the least, be incomplete.  It would
resemble a declaration in an action at law which merely alleged
that the plaintiff had suffered damage at the hands of the defend-
ant, without stating whether it was from the breach of a promise
or covenant, or from a tort.  The "matter in issue,"—"the mat-
ter directly in issue,"—"the matter upon which the plaintiff pro-
ceeds by his action, and which the defendant controverts by his
pleading,"—in a petition for abatement, is the "good cause"
relied upon for asking the abatement.  Even if it is not specifi-
cally alleged in the petition and denied in the answer, it will be—
must be—the issue to be tried.  The fact that it is not specifi-
cally alleged and denied in the pleadings does not prevent the
application of the rule as held in *King* v. *Chase.*  "The declara-
tion and pleadings may show specifically what this [the issue] is,
or they may not.  If they do not, the party may adduce other
evidence to show what was in issue, and thereby make the plead-
ings as if they were special."  *King* v. *Chase, supra,* 16 ; *Simmons*
v. *Goodell,* 63 N. H. 458, 459.

In the foregoing opinion the court, it seems to me, substitute
the result or effect of the "good cause" for the cause itself, as the
matter in issue.  The excess in the tax—the subjection of the
petitioner to more than his fair share of the public expense—is
the effect of, or injury occasioned by, the cause relied upon to
entitle the petitioner to an abatement, as the injury or damage
alleged in an ordinary action at law is the effect or result of the
breach of promise or the tort upon which the action proceeds.  It
is true that there may be many causes for an abatement of taxes—
legal exemption from taxation, non-ownership of the property
taxed, over-valuation of the property, etc., etc.  A party seeking
abatement because of the exemption of his property from taxa-
tion proceeds in his action on the matter of the exemption.  He
alleges, in effect if not in form, that he is entitled to exemption
under the law by virtue of certain facts—a vote of the town
exempting it, for example.  In such case, the matter on which he
proceeds—the "good cause" which he proposes to show to entitle
him to the exemption—is the vote of the town.  The matter in

issue thus tendered to the defendant is the validity of the vote as respects both law and fact.   If the issue is joined and tried, and judgment is rendered thereon, the parties are concluded by the judgment as to the efficacy of the vote, not only in that particular action, but in all subsequent actions of abatement in which the vote is in controversy.   In *Franklin Needle Co.* v. *Franklin*, 65 N. H. 177, if the issue had been the question of fact whether the vote of 1886 exempting the property from taxation was duly passed and the judgment was in favor of the plaintiffs, and the selectmen assessed a tax upon the property the succeeding year notwithstanding the judgment, can there be any doubt as to the competency and conclusiveness of the judgment as evidence, under the decision in *King* v. *Chase*, in a petition by the Needle Company to abate the tax of the second year because of the exemption?   If the excess of the tax or want of authority for imposing it—if the subjection of the petitioner to more than his fair share of the public expense—is the matter on which the petitioner's action in such case proceeds, and the vote is only an evidentiary fact with relation to such matter, within the meaning of *King* v. *Chase*, then a person claiming exemption may be required to try the question of exemption *de novo* as many times as the selectmen may see fit to disregard the judgment of the court—an evil which the rule of *res judicata* was particularly designed to prevent.

Take the case of over-valuation.  The statute requires the selectmen to appraise all taxable property for taxation " at its full and true value in money, as they would appraise the same in payment of a just debt due from a solvent debtor."   P. S., c. 58, s. 1.   It further requires them to make oath that, in performing the duty thus imposed upon them, they " appraised all taxable property at its full value, and as we [they] would appraise the same in payment of a just debt due from a solvent debtor."   *Ib.*, s. 6. These redundantly explicit provisions—purposely made redundant to avoid the danger of misunderstanding or misconstruction—were enacted to secure the reasonable apportionment of the burden of taxation required by the constitution.   If selectmen and assessors of taxes uniformly performed this duty, and all taxable property was taken into account, the burden of taxation would be distributed among taxpayers according to the true intent expressed in the constitution, and all reasonable grounds for the unrest now existing with reference to taxation would be removed.   In that event, the " good cause" for abatement of taxes on account of over-valuation—the matter upon which the petitioner would proceed in his action—would be the excess in the valuation of the property above its " full and true value in money," or, in other words, the true value of the property; for that fact necessarily

determines whether there is excess in the valuation and the amount of it. But it a well known and lamentable fact that these provisions of the statutes are not observed. Sometimes one class of property in a town is appraised for taxation at one ratio of its true value,—six tenths, for example,—while another class is appraised at another ratio,—say one third,—and another class is appraised at its full value. See *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200, 204; *Manchester Mills* v. *Manchester*, 57 N. H. 309. The ratio between the assessed and the true valuation also differs in different towns. When it appears in abatement proceedings that such violations of the law have been made, it is not practicable to reassess the entire taxes in the town according to law and in that way ascertain the petitioner's proportional share. The requirement of justice is satisfied by determining what ratio the assessed valuation of all the taxable property in the town excepting the petitioner's bears to its true value, and valuing the petitioner's property at the same ratio with reference to its true value. The proceeding for abatement being an equitable one, calling for " such order thereon as justice requires," the demands of justice are met in this way. P. S., c. 59, s. 11; *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200. So it happens that a complication is introduced into proceedings for the abatement of taxes on account of over-valuation that would not be there if the statutory provisions relating to the appraisal of property were faithfully followed. But notwithstanding this complication, the true value of the petitioner's property continues to be the matter in issue in the proceeding. It is the only standard recognized by the statutes as the basis of taxation. It is the initial matter upon which the court works out equity in the case. Departure from it in its actual or relative state is the " good cause " which the petitioner must show to entitle himself to an abatement of a tax on account of over-valuation.

When the case of *Winnipiseogee etc. Co.* v. *Laconia*, 68 N. H. 284, was decided, the majority of the court consisted of the same persons (*Doe, Clark, Blodgett,* and *Carpenter*) as it did when *Metcalf* v. *Gilmore*, 63 N. H. 174, was decided; and *Carpenter*, J., wrote the opinion in both cases. Although *Metcalf* v. *Gilmore* and *King* v. *Chase* are not cited in *Winnipiseogee etc. Co.* v. *Laconia*, it would be unreasonable to suppose that these cases were not in mind. The sentence containing the substance of the decision on this point—" No sufficient reason has been suggested or is perceived for denying to the judgment the same conclusive effect upon the question adjudicated that by law appertains to judgments in other cases "—clearly shows that these cases were in mind, and that the principles of them were regarded as familiar

law requiring no citation of authority in their support. The decision merely applied the principles of these cases to the case in hand. I do not understand that the quotation from *Metcalf* v. *Gilmore* in the foregoing opinion was intended to limit or in any way modify the rule of *King* v. *Chase*. As appears from the quotation already herein made from that case, if the pleadings in a case do not specifically show what "the matter directly in issue" is, the party may adduce other evidence to show it, "and thereby make the pleadings as if they were special." The court, through *Carpenter*, J., spoke definitely on this point a year and a half after *Metcalf* v. *Gilmore* was decided, in *Simmons* v. *Goodell*, 63 N. H. 458, 459, as follows: "If the precise matter in issue does not appear upon the face of the record, extrinsic evidence may be received to show what facts were determined,—as, for example, to show that a particular item of account formed a part of a larger one" (citing *King* v. *Chase*).

The other reasons offered by the defendants in support of the superior court's ruling in their favor were submitted to and considered by the court in *Winnipiseogee etc. Co.* v. *Laconia*. No reasons have been presented in the arguments of counsel or the decision of the present case, or have been found, which seem to me to be of sufficient weight to justify overruling that case; and consequently I am compelled to dissent from the present decision.