Sullivan,
No. 5525.

J. LABAN AINSWORTH

*v.*

CLAREMONT.

Argued November 2, 1966.
Decided March 7, 1967.

*Leahy & Denault* ( *Mr. Albert D. Leahy, Jr.* orally ), for the plaintiff.

*Robert B. Buckley*, city solicitor ( by brief and orally ), for the defendant.

LAMPRON, J. On a similar petition for abatement of the taxes assessed on this same property for the two preceding years, 1962 and 1963, the Trial Court found the fair market value of plaintiff's farm to be $20,000 instead of $28,450 placed on it by the assessors and decreed that he was entitled to an abatement of his taxes for those years. On appeal, this court set aside this decree on the ground that "having failed to prove that the valuation placed by the selectmen upon his property was disproportionate to the valuation placed by them upon other properties, the plaintiff was not entitled to an abatement." *Ainsworth* v. *Claremont*, 106 N. H. 85, 90.

Defendant, in its answer to plaintiff's present petition for an abatement of the 1964 tax on that same property, maintains that his claim that his property bears a disproportionate assessment raises the same issue involved and decided against him in his previous petition and is *res judicata*. The only issue before us is whether plaintiff's petition should be dismissed for that reason.

" ' Res judicata ' is a term which has been given a good many different meanings. Current usage gives it a broad meaning which covers all the various ways in which a judgment in one action will have a binding effect in another. This includes the effect of the former judgment as a bar or merger where the later action proceeds on all or part of the very claim which was the subject of the former. It also includes what has come to be known as collateral estoppel: the effect of a former judgment in a later action based upon a different claim or demand. " James, Civil Procedure, *s.* 11.9, *pp.* 549, 550 ( 1965 ); Restatement, Judgments, Introductory Note ch. 3, *pp.* 158, 159; 65 Harv. L. Rev. 818, 820 - 822.

The distinction between the effect of a judgment as a bar to the prosecution of a second action for the same cause, and its effect as an estoppel in another suit between the same parties upon a different cause of action, has long been recognized in this jurisdiction. *Laconia Nat. Bank* v. *Lavallee*, 96 N. H. 353, 355. " In the former case, a judgment on the merits is an absolute bar to a subsequent action: it concludes the parties, not only as to every matter which was offered and received to sustain or to defeat the suit, but also as to any other matter which might have been offered for that purpose. But in the latter case, the judgment in the prior action operates as an estoppel only as to those matters which were then directly in issue, and either admitted by the pleadings or actually tried. " *Lovejoy* v. *Ashworth*, 94 N. H. 8, 9, 10; *Commissioner* v. *Sunnen*, 333 U.S. 591, 597, 598. See Annot. 92 L. ed 913, 916.

Plaintiff's present petition for an abatement of the tax assessed against his property in 1964 is a different cause of action than that decided in his prior petition pertaining to the tax for the years 1962 and 1963. *Winnipiseogee etc. Co.* v. *Laconia*, 74 N.H. 82, 83. See *Commission* v. *Sunnen, supra,* 598; *Southwest Exploration Co.* v. *Riddell*, 362 F. 2d 833, 836 ( 9th Cir. 1966 ).

We are therefore dealing in this case with the matter of collateral estoppel. Restatement, Judgments, *s.* 45, *comment* c.

Consequently the judgment in the prior action operates as an estoppel only as to those matters which were then directly in issue, and either admitted by the pleadings or actually tried. *Lovejoy* v. *Ashworth*, 94 N. H. 8, 10.

The issue of disproportion between the ratio of true and assessed value of plaintiff's property and that of all other property in Claremont was not admitted by the pleadings in the prior action. Furthermore the defendant successfully advanced before this court on appeal from that action the following proposition: " The petitioner at no point in the hearing . . . produced even a scintilla of evidence on the issue he alone raised that he was treated inequitably in the assessment, and that he was required to bear a disproportionate share of the burden of taxation in Claremont. " *Ainsworth* v. *Claremont*, 106 N. H. 85, 87. Corroboration of the fact that the issue of disproportion in assessments between plaintiff's property and others in the city was not actually tried, is plaintiff's argument on the prior appeal that he relied on an agreement between the parties covering that issue. This court found that the agreement of the parties did not cover the issue. *Ainsworth* v. *Claremont*, 106 N. H. 85, 89.

We hold therefore that the issue of whether the ratio between the true and assessed value of plaintiff's property was greater than the ratio between the true and assessed value of all other property in the taxing district was not actually tried in the prior action. The fact that it was directly in issue in that proceeding, as argued by the defendant, does not estop the plaintiff from litigating the issue in the present proceedings based on a different cause of action. *Lovejoy* v. *Ashworth*, 94 N. H. 8; *Laconia Nat. Bank* v. *Lavallee*, 96 N. H. 353.

*Remanded.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.