Merrimack
No. 6678

### Concord Natural Gas Company

v.

### City of Concord

January 31, 1974

*Orr & Reno* and *Richard B. Couser* (*Mr. Couser* orally) for the plaintiff.

*Paul F. Cavanaugh,* city solicitor, by brief and orally, for the defendant.

Grimes, J. The issue in this tax abatement case is set forth in the following question which was transferred without ruling on an agreed statement of facts by *Johnson,* J. "Should the assessment for purposes of *ad valorem* property taxes of the Petitioner's mains in service in the City of Concord more properly be based upon reproduction cost, that is, the cost of reproducing the taxable property exactly, when the taxable property would not be reproduced exactly if reconstructed during the years in question, or upon the replacement cost, that is, the cost of the functionally equivalent item with which the taxable property would

in fact be replaced if replacement were to be made in the years in question (with an appropriate adjustment for depreciation in either case)?"

It has been agreed that all other issues have been eliminated and that "no other approach to valuation is valid".

Plaintiff is a corporation in the business of the distribution and sale of natural gas. The gas is distributed through mains which run underground throughout the city of Concord. In addition to the mains, the plaintiff owns other real estate consisting of land and buildings and other property which is assessed separately from the mains and regarding which there is now no dispute. Plaintiff has filed a petition for abatement for the years 1967 to 1971 inclusive and the present dispute concerns only the separate assessment on the mains.

The original mains were cast-iron pipe. Some of them have been replaced with wrapped steel pipe which is steel pipe wrapped in a plastic coating to reduce or eliminate corrosion. It is agreed that the steel pipe is the functional equivalent of cast-iron pipe and that if the system were to be installed during the years in question, steel pipe and not cast iron would be used. The figures used in each method would "represent a fully installed cost including all pertinent expenses". All expenses except the cost of the pipe would be the same in each method, and a depreciation factor of 65% has been agreed upon as applicable to both methods. The only difference in the cost, therefore, is in the pipe. Using the reproduction method with cast-iron pipe, the assessed valuation would be $917,489.16. Using the replacement method with steel pipe, the assessed valuation would be $612,710.68.

The basis for assessment of the *ad valorem* tax is the fair market value of the mains. *Trustees &c. Academy v. Exeter,* 92 N.H. 473, 33 A.2d 665 (1943); *Public Service Co. v. New Hampton,* 101 N.H. 142, 136 A.2d 591 (1957).

Under the statute the selectmen are required to consider "all evidence that may be submitted to them relative to the value of property". RSA 75:1. We cannot accept, therefore, the agreement of the parties that "no other approach to valuation is valid" and that the appraisal in this case

must be based either on one method or the other. The "rule of value permits evidence of all relevant factors to be received for the formation of the finding, in analysis an opinion, of the trier of facts". *Trustees &c. Academy v. Exeter,* 92 N.H. 473, 486, 33 A.2d 665, 673 (1943).

We agree with the plaintiff that, where as a matter of fact no one would reproduce the system using the more costly cast-iron pipe, the reproduction cost less depreciation should not fix the value. Neither should the replacement cost, but the selectmen may consider other relevant factors including the fact that the present mains are in use as a part of an existing integrated system. *Commonwealth v. Massachusetts Turnpike Authority,* 352 Mass. 143, 224 N.E.2d 186 (1967).

*Remanded.*

All concurred.