Board of Taxation
No. 6905

TRUSTEES OF LEXINGTON REALTY TRUST

v.

CITY OF CONCORD

March 31, 1975

*Stanley, Tardiff & Shapiro (Mr. R. Peter Shapiro* orally) for the plaintiff.

*Paul F. Cavanaugh,* city solicitor, by brief and orally, for the defendant.

GRIFFITH, J. On appeal by the plaintiffs from a denial of tax abatements by the city of Concord, the board of taxation abated the taxes of the plaintiffs on certain land and buildings in Concord, known as Lexington Manor Apartments and Lord Baron Apartments, for the years 1970, 1971, 1972 and 1973. The order of the board reduced the assessments on the property for the years in question. The city of Concord has appealed the decision of the board to this court in accordance with the provisions of RSA 76:16-a (Supp. 1973).

The city in its brief argues that the decision of the board reduces the assessments but there is nothing to indicate that the plaintiffs met the burden of proving that the assessment the city placed on their property was disproportionately higher than that of other property in the city. We agree that whether a taxpayer is seeking an abatement in the superior court or before the board he is not entitled to an abatement unless he proves that the disputed assessment is disproportionately higher than that of other property within the taxing district. *Duval v. Manchester,* 111 N.H. 375, 286 A.2d 612 (1971); *Freedman v. Exeter,* 107 N.H. 163, 219 A.2d 275 (1966); *Ainsworth v. Claremont,* 106 N.H. 85, 205 A.2d 356 (1964).

Counsel for the defendant on this appeal finds himself in a no-record situation. There is no transcript, no findings of fact, and nothing in the exhibits to indicate the basis for the reduction of the assessment by the board.

If this were a transfer from a trial court, defendant's appeal would be dismissed on the presumption that the order was based upon competent evidence and in accordance with the law. *Merchants Nat'l Bank v. Adams,* 114 N.H. 46, 314 A.2d 664 (1974); *Howard Laces, Inc. v. Colby Footwear, Inc.,* 112 N.H. 380, 296 A.2d 909 (1972); *Bergeron v. Hunt,* 110 N.H. 278, 266 A.2d 121 (1970). However because this is a limited appeal from an administrative board, we are of the opinion it should not be governed by the rules applied to the broader appeal available from a court decision. *See* K. Davis, Administrative Law Text § 16:01 (1972).

RSA 71-B:2 (Supp. 1973), effective September 1, 1973, replaced

the State tax commission with a board of taxation. The new board was given concurrent jurisdiction with the superior court to hear taxpayers' appeals for tax abatement. RSA 76:16-a, :17 (Supp. 1973). This contrasted with the jurisdiction of the State tax commission whose decisions in tax abatement appeals, determined in nonadversary hearing, could be appealed by the taxpayer to the superior court. RSA 76:16-a, :17 (1955). In hearings before the board of taxation, the town or city and the taxpayer appear in an adversary proceeding and are entitled to be represented by counsel. RSA 76:16-a III (Supp. 1973). No stenographic record is made in the absence of a request, and the board is not bound by the technical rules of evidence. RSA 76:16-a III, IV (Supp. 1973). The decisions of the board may be appealed by either the town or city or the taxpayer to this court where the findings of fact by the board are final and our review is limited to questions of law. RSA 76:16-a V (Supp. 1973); *Dartmouth Corp. of Alpha Delta v. Hanover,* 115 N.H. 26, 332 A.2d 390 (1975).

The absence of any findings of fact in this case makes it impossible for us to determine whether the decision by the board was made in accordance with the law. The necessity of findings of fact for effective review of administrative orders is recognized in the administrative procedure acts of many jurisdictions by a provision requiring such findings. For example, the Federal Administrative Procedure Act provides that all decisions shall include a statement of "(A) findings and conclusions and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C.A. § 557 (c) (3) (A); *see* 2 F. Cooper, State Administrative Law 469-71 (1965) for a review of state statutory provisions.

Such legislative enactments are little more than codifications of principles first enunciated by the courts. "The requirement of administrative findings was created by courts in the process of deciding cases on judicial review of administrative action. Like much of the rest of administrative law, the findings requirement is a part of the common law." K. Davis, Administrative Law Text § 16.02, at 319 (1972); *see Panama Refining Co. v. Ryan,* 293 U.S. 388, 431-32 (1935); *New England Tel. & Tel. Co. v. Kennelly,* 81 R.I. 1, 98 A.2d 835 (1953).

Our Administrative Procedure Act does not contain a requirement for findings of fact (RSA ch. 541-A) but this court has long recognized the desirability of such findings. "We see no reason

for departure from the principles established by our cases, that the commission is under a duty 'to find all facts ... essential to the presentation of all questions of law raised by ... [their] order.' *Grafton &c. Co. v. State,* 77 N.H. 490, 498." *Company v. State,* 95 N.H. 353, 359, 64 A.2d 9, 15 (1949).

Findings of fact and rulings were made by the board in the recent case of *Dartmouth Corp. of Alpha Delta & a. v. Hanover,* 115 N.H. 26, 332 A.2d 390 (1975), and in *Paras v. Portsmouth,* 115 N.H. 63, 335 A.2d 304 (1975). We assume the absence of findings in the present case may be due in part to the lack of a request from counsel, but we are not disposed to treat the absence of a request as a waiver. Understandably, no rules of procedure have as yet been adopted by the board under the authorization of RSA 71-B:8 (Supp. 1973) and there is no statutory requirement of a request to obtain findings as is the case in the superior court. RSA 491:15; *see* RSA 491:App. R. 67 (Supp. 1973).

The statute designed the board of taxation as a tribunal intended to function with less formality and greater latitude than the superior court, but restricted to decisions within the framework of the law. In order to insure that its decisions are lawful, we must have the essential findings of fact upon which the decision of the board was based. Accordingly, we remand the case to the board of taxation for such findings of fact. *See Broderick v. Hunt,* 77 N.H. 139, 144, 89 A. 302, 305 (1913).

*Remanded.*

All concurred.