Board of Taxation
Nos. 6946, 7026, 7141

VICKERRY REALTY COMPANY TRUST

v.

CITY OF NASHUA

NATHAN MANN

v.

CITY OF NASHUA

FLEURETTE FOURNIER

v.

CITY OF NASHUA

September 30, 1976

*Hamblett, Kerrigan, LaTourette & Lopez (Mr. Joseph M. Kerrigan* orally) for the plaintiffs.

*H. Philip Howorth,* corporation counsel, by brief and orally, for the defendant.

GRIMES, J. These are three separate appeals from the board of taxation which, in each case, denied the taxpayer an abatement for the years 1970 through 1972. The issues are whether the taxpayers are barred from appealing for failure to request a rehearing as required by RSA 541:3 and whether the board so far failed to make sufficient findings to meet the requirements of *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 336 A.2d 591 (1975) as to require a remand.

Since plaintiffs are appealing from board of taxation rulings which denied their requests for abatement, RSA 76:16-a V (Supp. 1975) and not RSA 541:3 applies and no motion for rehearing is required before an appeal may be taken.

In order to facilitate adequate judicial review of decisions of administrative bodies and so as to avoid judicial usurpation of administrative consideration, those bodies must explicitly articulate administrative findings.

Vickerry Realty Company Trust is the owner of premises known as the Nashua Mall consisting of land and buildings located in Nashua. Its property was assessed as of April 1, 1971, at $4,236,350 as contrasted to plaintiff's appraisal of $3,000,000. The full text of the board's opinion after hearing was: "On the evidence before it the Board finds the taxes assessed for the years 1970, 1971, and 1972 do not represent amounts in excess of the petitioner's fair share of the tax burden. Therefore, the finding is: Abatement denied."

In the absence of a record before the board, the parties filed an agreed statement of facts which summarized the testimony. This

reveals that the plaintiff's valuation was based on the income approach but that a motion picture theater, buildings under construction and tenant leasehold improvements were not considered to be of economic value to the premises. The assessments were based on the reproduction cost less depreciation method which was used in the assessment of all property in the city, commercial, industrial and residential. Plaintiffs argue that since commercial property, as contrasted with residential property, is bought on the basis of what it will produce in the way of income, this is the more relevant method in ascertaining what it would bring in a fair market. The record shows that in 1972, the premises were mortgaged to an institutional mortgagee for $4,510,000.

Although the decision of the board contains no express findings, it appears from the agreed statement of facts that the board made a choice in favor of the reproduction cost less depreciation method used by the city as opposed to the income approach used by plaintiff's appraisers. We cannot say as a matter of law that this was not justified. The board was also entitled to find that the improvements excluded by plaintiff's appraiser did in fact add to the value of the property for tax purposes. In the circumstances of this case, we have been able to determine the basis for the board's conclusion. Since these implied findings are binding and since we can perceive no error of law, the Vickerry appeal must be dismissed. RSA 76:16-a V (Supp. 1975).

In *Mann v. City of Nashua,* the board's decision was as follows: "On the evidence before it the Board finds the taxes assessed for the years 1970, 1971 and 1972 do not represent improper or unequal assessments nor do they represent amounts in excess of the petitioner's fair share of the tax burden. Therefore, the finding is: Abatement denied." The Mann property consists of the Riverside Apartments in Nashua. The property was assessed for $1,475,510. According to the agreed statement, plaintiff's appraiser valued the property at $1,155,000 based on a capitalization of the annual net income. The city introduced evidence that the sale value was $1,625,000 in 1972 and that $1,335,000 was institutionally financed. There was evidence that the property was assessed at 90.8% of its sale price but that the sale of several comparable properties showed that the assessed value ranged from 82.2% to 63.8% of the selling prices. It is impossible for us to tell what facts as found by the board support its finding that the

assessment was proper and that no abatement was warranted, and this case must be remanded.

In *Fournier v. City of Nashua,* the property consists of about fifteen acres of land on which there is a single story retail commercial building of about 93,000 square feet with appropriate parking. Plaintiff has leased the land for a fifty-year term with four extension options of ten years each. The lessee after construction of the building, has subleased the property to Montgomery Ward for thirty years with three renewal options of ten years each. The net ground rent was $30,000 per year. The city assessed the property at $1,634,950 with $505,000 allocated to the land and $1,129,950 allocated to the building. Plaintiff's appraiser valued the property at $1,354,000 with $212,000 allocated to the land and $1,142,000 to the buildings.

In its opinion, the board discussed the method used by plaintiff's appraiser to reach his valuation and rejected it as being a method used for a depreciating asset, whereas the board reasoned that the improvement in this case would have substantial value when it reverts to the taxpayer. The board then states that it is not convinced that 12% is not an excessive rate of return considering the terms of the lease. The board does not however make a finding as to what rate of return should be used. The board states that because the cost of construction was not submitted, the inference was drawn that such evidence would not support the taxpayer's case. The board also stated that the taxpayer had "not met his burden of proof in that the taxpayer has arrived at an indicated market value lower than the assessment by means of an income approach unsupported by either a Cost-Less-Depreciation approach or a Market Comparison approach."

Although under our cases all methods of arriving at market value are relevant and must be considered when presented *(Bartage, Inc. v. Manchester Housing Auth.,* 114 N.H. 203, 318 A.2d 152 (1974); *Concord Natural Gas Co. v. Concord,* 114 N.H. 54, 314 A.2d 679 (1974)) this does not require the taxpayer to introduce evidence on all methods in order to support her claim, and her failure to do so does not necessarily constitute a failure of proof.

The city argues that there was no evidence that any different method of assessment was used on this property than on all other property and that no evidence of the appraised value of other property was introduced from which a comparison could be made

to determine disproportionality. *Freedman v. Exeter,* 107 N.H. 163, 219 A.2d 275 (1966).

The board's opinion does not concern itself with this question but is based wholly on the question of market value of the property in issue. We cannot tell therefore whether this formed the basis for its opinion, and it is not our function to search the records to determine matters not disclosed. *Company v. State,* 95 N.H. 353, 360, 64 A.2d 9, 16 (1949).

We therefore also remand this case for additional findings and clarification.

*In Vickerry Realty Company, appeal dismissed; in the other cases, remanded.*

GRIFFITH, J., did not sit; the other concurred.