Board of Taxation
No. 7647

WILLIAM E. AMSLER, JR. AND JANE AMSLER

v.

TOWN OF SOUTH HAMPTON

June 7, 1977

*Orr & Reno,* of Concord, and *William L. Chapman,* of Concord (*Mr. Chapman* orally), for the plaintiffs.

*Perkins, Holland, Donovan & Beckett,* of Exeter (*Mr. Robert B. Donovan* orally), for the defendant.

KENISON, C.J.   The defendant town appeals from the board of taxation's grant of an abatement of the plaintiffs' taxes for the 1975 tax year. For the tax year prior to the one in controversy here, the town selectmen assessed the plaintiffs' property at $31,850. The plaintiffs appealed to the board of taxation which reduced the plaintiffs' assessment to $23,250 and accordingly ordered a tax abatement. The town did not appeal that decision.

For the 1975 tax year the selectmen assessed the property at $32,650. The plaintiffs appealed to the board of taxation which again reduced the assessment to $23,250. The town requested and received a rehearing, RSA 541:3, but the board affirmed the original abatement order. Subsequently, the town appealed to this court. RSA 541:6. The record before us consists of the proceedings of the board relative to both the 1974 and 1975 tax years. Because the events in this case occurred prior to the effective date of the rules laid down in *Demoulas v. Salem,* 116 N.H. 775, 367 A.2d 588 (1976), we need not discuss what impact those rules would have upon the procedural posture of this case. *Pelham Plaza v. Pelham,* 117 N.H. 178, 370 A.2d 638 (1977).

The town objects to the board's decision first on the ground that it made no findings of fact and that the record is insufficient

to enable this court to determine whether the decision is lawful. *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 336 A.2d 591 (1975). At the outset we wish to dispose of the plaintiffs' argument that, because the town did not include this objection in its motion for rehearing, it is precluded from raising it here. Although RSA 541:4 provides that "no ground not set forth [in the petition for rehearing] shall be urged, relied on, or given any consideration by the court," it grants an exception where "good cause" exists to allow the specification of additional grounds. *Boston & Maine R.R. v. State,* 77 N.H. 437, 93 A. 306 (1915). We have emphasized in the past how important findings of fact are to the process of appellate review of the board's decisions and have, on those occasions, held that failure to request such findings initially does not constitute waiver. *Demoulas v. Salem,* 116 N.H. at 782, 367 A.2d at 593–94; *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. at 134, 336 A.2d at 593. If we are unable to determine the basis upon which the board made its decision we will remand the case, *Vickerry Realty Co. Trust v. Nashua,* 116 N.H. 536, 538–40, 364 A.2d 626, 628–29 (1976), whether or not the losing party below objects to the decision on that basis.

Notwithstanding the absence of more specific fact findings, it is clear from the record how the board computed the assessment. *Vickerry Realty Co. Trust v. Nashua,* 116 N.H. at 537–38, 364 A.2d at 628. In the 1974 tax year proceedings we find an appraisal of the property made by the board's review appraiser, Mr. Estey, which places the market value of the property at $86,150. We also find a letter from the department of revenue administration indicating that the assessment ratio for the town of South Hampton was 27% as of April 1, 1974. Multiplying these two figures results in a $23,250 assessment. Because the propriety of the 1974 tax year decision is beyond the scope of this appeal, we presume it is correct.

It is clear from the record that, in assessing the plaintiffs' property for 1975 at $32,650, the selectmen were not only ignoring the board of taxation's decision for the previous year but were also determined to charge the plaintiff higher taxes despite the board's order. In fact, less than one month after the board granted an abatement for the 1974 tax year, the selectmen had plans to assess the property for 1975 at the higher value forcing the plaintiffs to "go through the appeal procedure all over again." Letter from

W. E. Amsler, Jr., to Mr. Henry F. Spaloss, chairman of the state board of taxation, November 27, 1975. There was evidence that the property had not changed in the ten months since Mr. Estey's appraisal of it and that the town's assessing practices and assessment ratio were the same. Thus, the increased assessment did not reflect changed circumstances. Rather, it demonstrated the town's refusal to accept the board of taxation's previous abatement order.

The burden of proof is upon the taxpayer to show that his taxes are disproportionally higher than the taxes of other property owners in general. *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. at 132, 336 A.2d at 591–92; *Duval v. Manchester,* 111 N.H. 375, 286 A.2d 612 (1971). The board considered the conflicting evidence and gave weight to various portions thereof. *Paras v. Portsmouth,* 115 N.H. 63, 68, 335 A.2d 304, 308 (1975). The order states: "The Town submitted a document labeled 'Property Tax Assessment Study, South Hampton, N.H.', authored by Mr. George Sumner, in evidence. The document purports to show that the appellant and two other taxpayers who have appealed their assessments are assessed at a lower percentage of market value than the average taxpayer and that the Selectmen are assessed at a higher percentage than the average. The average ratio is calculated by comparing assessments with sale prices paid as far back as 1972 and as recently as 1976. The market values used for those properties which have not experienced a change of ownership (the Taxpayer's and the Selectmen's) are labeled 'Estimated Market Value'. These are bare statements of Sumner's opinion, unsupported by any calculations, explanation of methodology or any other elements of an acceptable appraisal. Despite this lack, Page 2 cites the purpose of the *appraisal* is to estimate market value and contains the statement 'property rights *appraised* in fee simple'. (Emphasis added by board.) The Board assigns weight to this evidence accordingly.

"Based on the evidence before it the Board finds the proper assessment for the tax year 1975 to be $23,250."

Under all the circumstances of this case, we conclude that the board properly placed the burden upon the taxpayers and that they satisfied that burden. The board's statement that it found

"no evidence of justification of the increase in assessed value" does not persuade us that the burden of proof was placed upon the town.

*Appeal dismissed.*

All concurred.