Board of Taxation
No. 7535

## PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

### v.

### TOWN OF ASHLAND & a.

August 1, 1977

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Franklin Hollis* orally), **for** the plaintiff.

*Upton, Sanders & Smith* (*Mr. Richard F. Upton* orally), for the defendant towns of Bristol, Fitzwilliam, Greenland, New London, Warner and the city of Franklin.

The towns of Ashland, Bethlehem, Harrisville, Jaffrey, Tilton and Whitefield filed no brief and waived oral argument.

BOIS, J. The plaintiff Public Service Company of New Hampshire (the "company"), a regulated utility, takes this appeal from a decision of the board of taxation (the "board") denying plaintiff an abatement of its property taxes. The appeal involves assessments made by eleven towns and the city of Franklin (the defendants herein) made as early as 1967 and as late as 1973. By stipulation of the parties, appeals for the years 1974 and 1975 are to be decided on the basis of the disposition of the prior appeals. In all of the towns the company has transmission and distribution facilities; in Bristol and Franklin plaintiff additionally has hydroelectric plants. The appeals from Ashland involve land used in connection with a hydroelectric plant located elsewhere; however, the board noted that the value of the land was not a significant part of that town's assessments. The board's rationale for the denial of relief, as detailed in its lengthy 34-page opinion, was plaintiff's failure to introduce evidence as to the "substitution" cost of its facilities.

Under RSA 75:1 (Supp. 1975) it is required that taxable property be appraised "at its full and true value in money." *New England Power Co. v. Littleton*, 114 N.H. 594, 326 A.2d 698 (1974). In its attempt to prove the fair market value of property, plaintiff introduced evidence as to the net book value of the property (*i.e.*, original cost less depreciation), capitalized earnings, and (as to the hydroelectric facilities) the value of an alternative source of equivalent power. The plaintiff was adamant in its position that reproduction cost less depreciation was irrelevant, because none of the plants would be reproduced; it acknowledges that "in general it did not offer . . . evidence [as to reproduction cost less depreciation]." Largely because of this failure, the board found itself unable to determine market value (and thus unable to determine the propriety of an abatement). Plaintiff contends that it is not required to submit evidence on all methods of valuation, and that the board was compelled to make a finding of market value on the evidence before it. This narrow procedural dispute is the central issue before us.

We have previously dealt at length with the extraordinary difficulties in placing a fair market value on the property of a regulated public utility. *Public Service Co. v. New Hampton*, 101 N.H. 142, 136 A.2d 591 (1957). "The establishment of market value as a test for taxation purposes presupposes a market. In instances such as this where only a part of an integrated system is involved, the difficulty, if not the impossibility of finding an actual customer, especially where as here, the owner has a lawful monopoly in the surrounding area, is obvious. [Citations omitted.] Yet it is plain that to hold there is no market value in such instances would mean that valuable property would entirely escape its just share of the burden of taxation. Such a policy would make neither good law nor good sense. Courts recognizing this have acted accordingly and have considered all factors calculated to influence an assumed buyer and seller in a free market." *Id.* at 146, 136 A.2d at 595; *Concord Natural Gas Co. v. Concord*, 114 N.H. 54, 314 A.2d 679 (1974); *New England Power Co. v. Littleton*, 114 N.H. 594, 326 A.2d 698 (1974); *see Barnet v. New England Power Co.*, 130 Vt. 407, 296 A.2d 228 (1972); *Kittery Electric Light Co. v. Assessors*, 219 A.2d 728 (Me. 1966). We underscored the importance of considering all factors in *Concord Natural Gas Co. v. Concord supra,* wherein we disapproved of a stipulation by the parties limiting the assessment of utility property to specific measures of value.

 There are five approaches to valuation potentially applicable to utility property: original cost less depreciation; reproduction cost less depreciation; comparable sales; capitalized earnings; and the cost of alternative facilities capable of delivering equivalent energy. *New England Power Co. v. Littleton*, 114 N.H. at 598, 326 A.2d at 701. All the approaches are valid, but all also have weaknesses. For example, even though net book value (original cost less depreciation) provides the "rate base" upon which plaintiff's rate of return is calculated, "the value of the plant for tax purposes and the value for rate-making purposes need not be the same." *Public Service Co. v. New Hampton*, 101 N.H. at 149, 136 A.2d at 597; *Barnet v. New England Power Co.*, 130 Vt. at 412, 296 A.2d at 231; *Kittery Electric Light Co. v. Assessors*, 219 A.2d at 735. The valuation of alternative sources of equivalent energy capacity is suspect since it critically depends on the validity of certain initial assumptions. *New England Power Co. v. Littleton*, 114 N.H. at 601–03, 326 A.2d at 702–03. Reproduction costs may be more or less relevant depending on the extent to which it would

make sense to presently reproduce the existing facility. *Id.* at 600, 326 A.2d at 702; *Concord Natural Gas Co. v. Concord*, 114 N.H. at 56, 314 A.2d at 681. Given all the imponderables in the valuation process, "[j]udgment is the touchstone." *New England Power Co. v. Littleton*, 114 N.H. at 599, 326 A.2d at 701; *Public Service Co. v. New Hampton*, 101 N.H. at 154, 136 A.2d at 600.

In our view, the board's opinion in this case showed that it understood the difficulties and was prepared to exercise its judgment. It noted that "[n]o factor has talismanic quality," and that "many factors . . . influence the determination of market value." It observed that "[r]ate regulation has a significant bearing" on market value; that net book, since it is based on "original cost," is "but another factor to be considered" and not "ipso facto equivalent to market value"; and that "the remaining useful life of the property" is an important consideration to any prospective buyer. These comments by the board indicate a disposition to take a flexible approach to valuation.

The board was unable to find on the evidence before it a market value for the property. It was dissatisfied with the scope of plaintiff's proof. The primary deficiency, as the board saw it, was the lack of substantial evidence as to the cost—in today's dollars—of producing facilities roughly equivalent to those of plaintiff. While plaintiff introduced ample "net book" evidence, this evidence gave no consideration to appreciation through inflation, since it reflected only "original dollars." *See Public Service Co. v. New Hampton*, 101 N.H. at 151, 136 A.2d at 598. The present-day valuation problem was complicated by the fact that the components in plaintiff's property varied widely in age and by the board's finding that, on the evidence presented, it could not deduce the average age of the property.

The board recognized that present-day valuation in terms of reproduction or replacement cost per se would be of limited relevance, and thus it attempted to discern "substitution cost":

> We use substitution cost rather than replacement or reproduction cost because replacement and reproduction are ambiguous as applied to this case. The state of electrical power art which Taxpayer's system reflects is constantly changing. On balance Taxpayer does not reproduce or replace [in the sense that "reproduction cost" refers to exact reproduction and "replacement cost" to functionally equivalent items].

The board admitted that this measure would set a "maximum value" for the property but deemed it a "first step" in determining market value. Since it could not make this first step on the evidence presented, it did not proceed further with the valuation process and denied the abatement in all appeals.

■■ We cannot agree with plaintiff's essential contention that the board's failure to proceed was error. The board was properly interested in a measure of plaintiff's property in current dollars. We have repeatedly held that such evidence, in the nature of reproduction or replacement costs, is relevant to assessing market value. *Paras v. Portsmouth,* 115 N.H. 63, 335 A.2d 304 (1975), and cases cited therein. As noted previously, such evidence may be more or less relevant depending on the extent to which the property would in fact be replaced or reproduced. However, the proper weight to be afforded such evidence is not before us here, but only whether the board could properly deem the evidence worthy of consideration. We cannot hold that such evidence was beyond consideration.

■ Relying on *Vickerry Realty Co. Trust v. Nashua,* 116 N.H. 536, 364 A.2d 626 (1976), plaintiff argues that the board was compelled to make a determination of market value on the evidence before it. In *Vickerry* we observed:

> Although under our cases all methods of arriving at market value are relevant and must be considered when presented [citations omitted] this does not require the taxpayer to introduce evidence on all methods in order to support her claim, and her failure to do so does not necessarily constitute a failure of proof.

*Id.* at 539, 364 A.2d at 629. We note that *Vickerry* did not involve utility property where typically all relevant factors must be considered and that our observation therein was limited to the point that failure to introduce evidence on all methods does not *necessarily* constitute a failure of proof. The taxpayer has the burden of proof and it is the taxpayer's responsibility to satisfy the board as to the disproportionality of the tax burden imposed by the selectmen. "The burden was on the company to satisfy [the trier of fact] by a preponderance of the evidence that it was paying more than its proportionate share of the taxes . . . and thus entitled to an abatement." *New England Power Co. v. Littleton,* 114 N.H. at 599, 326 A.2d at 701.

■ We reject plaintiff's argument that it was necessary for the board to respond specifically to its several requests for findings of fact and rulings of law. The narrative opinion of the board disclosed the basis for its decision and enables adequate judicial review. *Berke v. Griffin*, 116 N.H. 760, 367 A.2d 583 (1976); *see Society for Protection of N.H. Forests v. Site Evaluation Comm.*, 115 N.H. 163, 173, 337 A.2d 778, 786–87 (1975). Further, because the board never in fact reached the merits of the request for an abatement, we have no need to consider plaintiff's numerous arguments relating to the merits of its tax position.

■ Finally, we do not address plaintiff's argument that inter-town variations in the assessment of its property result in a situation whereby residents of low-assessment towns subsidize through their electric rates the costs of government in high-assessment towns. This contention, involving the rights of third parties, is not properly raised in this case, and is in any event more properly addressed to the legislature.

*Exception overruled.*

All concurred.