Board of Taxation
No. 79-305

## APPEAL OF PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

### (New Hampshire Board of Taxation)

December 22, 1980

*Sulloway, Hollis & Soden,* of Concord (*Peter F. Imse* orally), for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Richard F. Upton* orally), for the defendant towns of Bristol, Dummer, Fitzwilliam, Greenland, New London, Pembroke, Stewartstown, Warner and Franklin.

BROCK, J.   This is a property tax abatement case in which the board of taxation has requested that this court answer three questions of law. The central issue common to all three questions is the extent to which the board's decision in a prior appeal for abatement of taxes involving the same properties and owner but a different tax year may affect or be of evidentiary value on a subsequent petition for abatement now pending before the board.

For each of the tax years 1973, 1974 and 1975, the Public Service Company contested property tax assessments on property it owns in a number of New Hampshire towns. Pursuant to RSA ch. 76, the company appealed to the board of taxation which upheld the assessments. The company appealed to this court and we affirmed the board's decision. *See Public Serv. Co. v. Town of Ashland,* 117 N.H. 635, 377 A.2d 124 (1977). While denying the company an abatement, the board stated that it was unable to reach a specific finding on the fair market value of the properties. Dissatisfied with the results in the earlier appeal, the company now seeks tax abatements on the same properties for the 1976, 1977 and 1978 tax years.

In an effort to simplify and narrow the scope of the present proceedings before the board, the defendant towns moved that the board rule that, because of the judgments in the earlier appeals, the company is estopped to raise the issue of valuation of its taxable properties as of April 1, 1975, and that the sole issue to be considered by the board is whether any changes in the propor-

tionality factor or changes in the value of the properties have occurred since April 1, 1975. Upon request of counsel for both the taxpayer and the towns, the board asks that we answer the following three questions of law:

> "1. Does the sustained finding of this board in the former cases constitute conclusive proof of the value of the plaintiff's property as of 1973 and 1975?
>
> 2. Were the contested assessments as of those dates 'matters in issue,' so that the judgments act as an estoppel, or 'matters in evidence' which may be controverted in a trial de novo?
>
> 3. If 'matters in issue' are the findings too remote in time to operate as an estoppel to 1976, 1977 and 1978 tax appeals?"

■ The first question is whether the earlier "findings" of the board constitute "conclusive proof" of the properties' value as of 1973 and 1975. In *Winnipiseogee etc. Co. v. Laconia*, 74 N.H. 82, 65 A. 378 (1906), this question was answered in the negative. "[T]he judgment entered upon the appeal from the tax of 1892 is *not conclusive evidence of the value* of the appellants' real estate for that year, *or competent evidence* of its value in 1895 or 1896. . . ." *Id.* at 85, 65 A. at 380 (emphasis added). We continue to subscribe to the rule that the board's prior findings do not constitute *conclusive* proof of value, but we discard the outdated notion that the findings are not competent evidence in subsequent appeals involving the same taxpayers and properties.

Since *Winnipiseogee* was decided in 1906, the statutes concerning property tax assessments and appeals have been significantly altered. *Compare* P.S. ch. 59 (1901) with RSA ch. 76. RSA 76:16-a IV (Supp. 1979) provides that the board of taxation, which now acts on property tax appeals, is not bound by the technical rules of evidence. No such statutory provision existed when *Winnipiseogee* was decided. *See* P.S. ch. 59 (1901). The swift and orderly disposition of property tax appeals would be frustrated if the board were required to ignore its previous findings. The board's prior findings can serve a legitimate purpose in this present action. *See generally Amsler v. Town of South Hampton*, 117 N.H. 504, 507, 374 A.2d 959, 960–61 (1977). By the same token, however, justice requires that a taxpayer or town be afforded a reasonable opportunity to meet that evidence. *See Paras v. Portsmouth*, 115 N.H. 63, 69, 335 A.2d 304, 309 (1975). The board must then consider all of the evidence before it and assign such weight to the

evidence as it deems appropriate and reach a finding. *See id.* at 68, 335 A.2d at 308. The burden of proof, however, remains with the taxpayer who must satisfy the board by a preponderance of the evidence that it is entitled to an abatement. *Public Serv. Co. v. Town of Ashland,* 117 N.H. 635, 640, 377 A.2d 124, 127 (1977).

Our answer to the first question is therefore "No".

The second question is whether the contested assessments in the prior appeal, *see Public Serv. Co. v. Town of Ashland supra,* were matters in issue or matters in evidence. The significance of this question lies in the fact that the judgment in the prior appeals operates as an estoppel as to the matters then in issue but not to those points which were merely matters in evidence. *See Ainsworth v. Claremont,* 108 N.H. 55, 56, 226 A.2d 867, 869 (1967). In order for an estoppel to apply, however, it is not sufficient that a matter in issue was directly involved in the prior appeal; the matter must also have been either admitted by the pleadings or actually tried. *Id.,* 226 A.2d at 869. The matter in issue in tax abatement proceedings is whether the taxpayer has been required to pay a disproportionately higher tax than other taxpayers in the district. *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 336 A.2d 591 (1975); *Winnipiseogee etc. Co. v. Laconia,* 74 N.H. 82, 84, 65 A. 378, 379 (1906). Actual market value is not technically the matter in issue in tax abatement proceedings but, rather, is only a matter in evidence. *Winnipiseogee supra; see Amsler v. Town of South Hampton,* 117 N.H. 504, 374 A.2d 959 (1977).

Accordingly, while the company is not estopped from challenging the actual market value of the properties in question as of 1975, the board may properly consider the assessments which it affirmed in the prior appeal. Indeed, as the trier of fact, the board may assign appropriate weight to those prior valuations. *See Paras v. Portsmouth,* 115 N.H. 63, 68, 335 A.2d 304, 308 (1975); RSA 71-B:7 (Supp. 1979), 76:16-a IV (Supp. 1979).

Because our answer to the second question is that the prior valuations were *matters in evidence,* it is not necessary for us to answer the third question.

Finally, we note that both the board and the defendant towns have requested that this court mandate procedures that would lessen the enormity of the task facing the board, taxpayers and towns in petitions of this kind. We remind the board that the legislature has granted it power to devise and promulgate its own reasonable rules of procedure. RSA 71-B:8 (Supp. 1979).

*Remanded.*

All concurred.