Merrimack
No. 93-752

## Public Service Company of New Hampshire

v.

## Town of Bow

November 2, 1994

*Sulloway & Hollis,* of Concord (*Margaret H. Nelson* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Richard F. Upton* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiff, Public Service Company of New Hampshire (PSNH), appeals from a decision of the Superior Court (Manias, J.) dismissing its consolidated tax appeals against the defendant, the Town of Bow, for the tax years 1987 through 1990. PSNH argues that the trial court erred in: (1) rejecting the unit method for determining fair market value of its property; (2) disregarding the effect of regulation on fair market value; (3) allowing the town's consultant to testify as an expert; (4) misapplying appraisal principles; and (5) failing to make specific rulings on numerous requests for findings of fact and rulings of law. We affirm.

The pertinent issue at trial was the appropriate method for determining the fair market value of PSNH's taxable property in the town during the relevant tax years. PSNH maintained that the unit method, which closely approximates net book cost, *i.e.,* original cost less depreciation, was the proper method for determining fair market value. The town contended that the appropriate method was reproduction or replacement cost less depreciation.

The trial court found that "the unit method as proposed by PSNH is neither reliable nor appropriate for purposes of ad valorem property taxation of regulated utility property." Instead,

the court adopted the method proffered by the town and used it to calculate the fair market value and corresponding assessment for each year. Because the court's assessment values exceeded the town's, it dismissed PSNH's appeal.

■ We sustain the findings and rulings of the trial court "unless they are lacking in evidential support or tainted by error of law." *Whispering Springs Tenant Assoc. v. Barrett,* 137 N.H. 203, 208, 624 A.2d 1345, 1349 (1993) (quotation omitted).

■ PSNH first argues that the trial court erred in ruling that the unit method could not be used to determine the fair market value of its property. In *New England Power Co. v. Town of Littleton,* 114 N.H. 594, 326 A.2d 698 (1974), we recognized five approaches to valuation of utility property: original cost less depreciation, which PSNH approximated by the unit method; reproduction cost less depreciation; comparable sales; capitalized earnings; and the cost of an alternative facility capable of delivering an equivalent amount of power and energy. *See id.* at 598, 326 A.2d at 701. Although recognizing five potential valuation methods, we have noted that "all also have weaknesses." *Public Serv. Co. v. Town of Ashland,* 117 N.H. 635, 638, 377 A.2d 124, 125 (1977).

■ The trial court found several weaknesses in the unit method. Because the unit method valued the entire PSNH system as a whole and then allocated a portion of that value to each component property based on its net book cost, it failed to focus on the income contribution of the particular property and included the effects of property outside the taxing jurisdiction. Additionally, we have previously noted that "changing price levels would render such a method impractical and unfair." *Public Service Co. v. New Hampton,* 101 N.H. 142, 151, 136 A.2d 591, 598 (1957). The court therefore determined that the unit method was "an unreliable means of evaluating specific property." We find ample evidence in the record to support the trial court's rejection of PSNH's valuation method.

■ PSNH next argues that the trial court disregarded the effect of regulation on fair market value. PSNH's assertion, which it has steadfastly adhered to throughout the history of its tax abatement appeals, *see, e.g., Appeal of Public Serv. Co. of N.H.,* 124 N.H. 479, 483, 471 A.2d 1182, 1184 (1984); *Public Service Co. v. New Hampton,* 101 N.H. at 149, 136 A.2d at 597, is that market value is most closely approximated by original cost less depreciation because its net earning power, as regulated by the

New Hampshire Public Utilities Commission, is based upon this figure. Consequently, it maintains, no buyer would pay more for the property than the amount on which it would be able to earn a return. Indeed, PSNH introduced testimony that "a prudent utility purchaser could not take the risk of paying anymore [*sic*] than original cost less depreciation for these particular facilities." We have previously held, however, that

> [s]uch a result would be compelled only if regulation were so extensive as to make it impossible for any utility property to be sold at a price in excess of net book value. In the past at least, this has been held not to be the case in this State.

*Appeal of Public Serv. Co. of N.H.,* 124 N.H. at 485, 471 A.2d at 1185. Because PSNH has made no argument that such an extensive regulatory environment existed, we reject its contention that the trial court totally disregarded the effects of regulation.

PSNH next argues that because the town's witness, George E. Sansoucy, is not a licensed appraiser of real estate, the trial court erred in permitting him to testify as an expert. We disagree.

■ The trial court has broad discretion to permit a witness to offer expert testimony. *McMullin v. Downing,* 135 N.H. 675, 679, 609 A.2d 1226, 1229 (1992). "If the witness, by either study or experience, has knowledge on the subject-matter of his or her testimony so superior to that of people in general concerning it that the witness's views will probably assist the trier of fact, the admission is not error." *Dwire v. Sullivan,* 138 N.H. 428, 431, 642 A.2d 1359, 1361 (1994) (quotation and brackets omitted); *see* N.H. R. Ev. 702.

■ Sansoucy, a consulting engineer licensed in this State, testified: "I am not, and it is clear, a certified appraiser of any kind with any designation from any appraisal organization." He had, however, "helped, assisted and provided comparables to many appraisers, [and] . . . critiqued numerous appraisals for banks." Additionally, he stated that he was "by no means ill trained in many of the methodologies associated today with appraisals, [because m]any of these methodologies . . . were commonly used by us as engineers back in the early 70's."

The trial court found that "the witness has sufficient knowledge, skill, experience, training and education to enable him to testify as an expert relative to the valuation issues involved in this case." Particularly regarding "the extraordinary difficulties in placing a fair market value on the property of a regulated public utility,"

*Public Serv. Co. v. Town of Ashland,* 117 N.H. at 638, 377 A.2d at 125, we find no abuse of discretion in the trial court's ruling, *see McMullin,* 135 N.H. at 679, 609 A.2d at 1229.

■ PSNH next argues that the trial court, when evaluating replacement or reproduction cost less depreciation, improperly rejected its expert's testimony that Merrimack Station, a coal-fired, electric generating station and Garvins Falls Hydro, a hydro-electric generating facility, would be replaced by combined cycle natural gas facilities. The evidence showed, however, that sufficient natural gas to power such facilities was not available in New England during the tax years at issue. Consequently, the trial court did not err in rejecting PSNH's replacement valuation. *See Whispering Springs Tenant Assoc. v. Barrett,* 137 N.H. at 208, 624 A.2d at 1349.

■ PSNH's final argument, that the trial court failed to specifically respond to numerous requests for findings of fact and rulings of law, merits little discussion. RSA 491:15 (1983) requires written findings of fact and rulings of law "to allow the supreme court an opportunity for adequate review . . . by providing it with the actual basis for the trial court's decision." *Magrauth v. Magrauth,* 136 N.H. 757, 760, 622 A.2d 837, 838 (1993) (quotation and brackets omitted). PSNH submitted 107 requests for findings of fact and rulings of law. Those that were marked "neither granted nor denied (see order)" were adequately addressed in the trial court's lengthy and detailed narrative. Additionally, we have previously admonished counsel to limit their requests to a reasonable number and noted that "when the number of requests is unreasonable, the court may rely upon its narrative findings of essential facts and ignore the requests." *Clinical Lab Prod's Inc. v. Martina,* 121 N.H. 989, 991, 437 A.2d 285, 286 (1981).

*Affirmed.*

All concurred.