Personnel Commission
No. 7448

RICHARD C. GLYNN

v.

NEW HAMPSHIRE PERSONNEL COMMISSION

December 30, 1976

*Cleveland, Waters & Bass* and *Michael C. Moyers (Mr. Moyers* orally) for the plaintiff.

*David H. Souter,* attorney general, *Richard V. Wiebusch,* assistant attorney general, *Deborah J. Cooper* and *David W. Marshall,* attorneys appearing under Rule 23 *(Mr. Marshall* orally), for the defendant.

GRIMES, J.   Plaintiff in this appeal claims that his demotion was in violation of the rules of the personnel department, that the commission failed to find the stated cause of his demotion is gross negligence, and that the commission was required to maintain a record of the proceedings before it, which it failed to do. We hold all claims to be unsupported.

Plaintiff on and before June 16, 1975, was a permanent classified employee in the position of highway maintainer II with the department of public works and highways. On or about June 16, plaintiff was driving his regularly assigned truck, hauling a load of sand from Greenland to Exeter. While entering the traffic circle at Stratham, he lost control of the truck, which turned over on its side. Investigators agreed that his speed had been excessive and it was found that five of the tires on the truck were under-inflated by between twenty and thirty pounds and the other by ten pounds. On December 25, 1974, plaintiff had burned out the motor of his truck because of a failure to add oil.

On July 1, 1975, the department sent a letter to plaintiff, notifying him of his demotion, in lieu of discharge, to highway maintainer I, effective June 22, 1975, and giving him his first warning for purposes of possible discharge pursuant to rule VIII, section 3 B of the rules of the department of personnel.

On July 11, 1975, plaintiff appealed to the personnel commission for review of his demotion pursuant to RSA 98:15 (Supp. 1975). After hearings, the appeal was denied. Plaintiff twice requested rehearings which were denied, and on March 3, 1976, he appealed to this court pursuant to RSA 541:6.

Plaintiff first argues that his demotion was contrary to the rules of the personnel department. The letter of July 1, 1975 stated the cause as "gross negligence" in accordance with rule VIII, section 3 B. Plaintiff claims that "gross negligence" is not one of the permissible reasons for discharge under section 3 B and that in any event demotions are governed by section 2 of the rule and not section 3 B.

Section 3 B is entitled *"Optional Discharge"* and provides in relevant part that "In cases such as, but not necessarily limited to the following, the seriousness of the violation may vary. Therefore, in some instances immediate discharge without warning may be warranted, while in other cases one written warning prior to discharge may be indicated. Repetition of any of the following offenses after one written warning has been given makes the discharge of the offender mandatory." Thereafter there are listed six offenses which do not include "gross negligence". This rule does not, however, confine discharges even without warning to the offenses enumerated but only makes discharge mandatory for the listed offenses after one warning.

The nature of plaintiff's offense coupled with the prior incident of December 1974 could have been considered a serious enough violation to warrant discharge without warning under section 3 B. Inasmuch as demotion is a lesser penalty than discharge, it too could be ordered without notice. It was not unreasonable to determine that plaintiff could not be trusted to operate State vehicles and that his immediate demotion to a position not permitting such operation was required.

Plaintiff complains that the commission did not specifically find "gross negligence" and therefore his demotion was improper. However, the conduct which was relied upon has been plainly stated and would support a finding of gross negligence which is implied in the action of the board. *See Vickerry Realty Company*

*Trust v. Nashua,* 116 N.H. 536, 364 A.2d 626 (1976).

Plaintiff's claim that a transcript of the proceedings before the personnel commission is required is based on the fact that RSA 98:14-a (Supp. 1975) which provides for an appeal to the commission and then to this court refers to payment of fees for a copy of the "record". We cannot read this reference to a record as requiring a transcript of testimony in every case. The purpose of a transcript is to facilitate the appeal and allow this court to determine whether the commission's findings are supported by the evidence. Such a transcript is not, however, necessary in all cases. Where the issues involved are not complicated, a transcript may not be required for a proper review. *See Foote v. State Personnel Comm'n,* 116 N.H. 145, 355 A.2d 412 (1976).

The rules of the commission provided for recording testimony in the discretion of the commission. Rule VI, section 7. It is conceded that plaintiff did not request a record of the testimony nor did he object to the absence of one before the commission. He maintains that he was not informed that no record was being made. We think the burden is on the plaintiff to determine whether a record was being made and to request one if that was his desire, and having failed to do so, he cannot now be heard to complain.

*Appeal dismissed.*

All concurred.