Hillsborough
No. 7986

TOWN OF HUDSON

v.

THE STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION & a.

January 16, 1978

*Smith, Welts & Currier,* of Nashua (*Philip R. Currier* orally), for the plaintiff.

*David H. Souter,* attorney general (*Andrew R. Grainger,* attorney, orally), for the defendant Department of Revenue Administration.

*John M. Bednar,* of Hudson, by brief and orally, pro se.

PER CURIAM.  The main issue in this petition for declaratory judgment is whether the commissioner of the department of revenue administration [hereinafter commissioner and department respectively] may compel the selectmen of Hudson to use as a basis for the assessment and taxation for the year 1977 the appraisals made by a private company hired by the town. We hold that he may not.

The last full reappraisal in the town of Hudson occurred in 1968. In March 1976 the town authorized the selectmen to contract for a reappraisal of all the taxable property in the town "to be completed in time for use in the 1978 tax bills." The contract was awarded to the Sewall Company which generally completed its work by September 1977.

The department was aware that a reappraisal was being conducted and in a series of contacts indicated to the selectmen that they must use the reappraisal figures of Sewall as a basis for the 1977 tax bills. Two of the selectmen wished not to use those valuations for 1977, Selectman Bednar agreeing with the department. Due to the existing uncertainty, the selectmen failed to file with the department by October 1 the certificates showing the number of polls, total valuation, the several appropriations, and estimated revenues as required by RSA 41:15. From this information as

adjusted, the department must compute the "rate percent of taxation for Hudson and the average rate of taxation throughout the state."

The two selectmen filed this petition for declaratory judgment in which fifty-two persons and Selectman Bednar intervened. After hearing, the superior court ruled that the selectmen had the duty to make the appraisals and that the department had no authority to require them to make a specified valuation or to use the Sewall figures. It also ruled that the department's right to additional information is limited to what is needed to compute the tax rates from the certificates filed as adjusted. It was also ruled that the failure of the selectmen to file the certificates before October 1 was due to the confusion created by the department and that the deadline was extended, thus prohibiting the department from using additional information to compute the average tax rate throughout the State. Defendants' exceptions were transferred by *Dunfey*, J., on December 27, 1977. Because the town cannot proceed to collect its taxes until this dispute is resolved, we expedited proceedings and heard oral argument on January 3, 1978.

■ We state at the outset that as we construe the vote of the town, the selectmen are not prohibited from using the Sewall figures in determining the 1977 valuation. *See generally Jaffrey v. Smith*, 76 N.H. 168, 80 A. 504 (1911). We do not pass upon the wisdom of the plaintiff in not doing so. We decide only that the department has no power to compel the selectmen to use the Sewall figures as a basis for the 1977 valuations. We come to this conclusion because we find nothing in the statutes which confers such powers upon the department.

■ Under RSA 74:1 and RSA 75:1 (Supp. 1975), the selectmen are charged with the duty to appraise all taxable property. Although they have the obligation to consider all evidence that might be submitted to them, the determination of the appraisals remains for them. *Concord Natural Gas Co. v. Concord*, 114 N.H. 54, 314 A.2d 679 (1974).

The selectmen are required to certify annually to the commissioner of revenue administration the number of polls and total valuation of each class of property together with a certificate of the several appropriations voted by the town, estimated revenues, and such other information as the commissioner may require. The

commissioner is required to examine the certificates and delete any appropriation not legally made, make adjustments in any sum that may be used as a setoff against the amount appropriated when it appears to be in the public interest, compute from the certificates, as adjusted, a rate percent of taxation, and notify the selectmen. The certificates as adjusted are also to be used by the commissioner to compute the average rate of taxation throughout the State. If the certificates are not received by October 1, the commissioner may use such information as he can obtain in order to determine the average rate of taxation throughout the State. RSA 41:15.

The trial court was correct in its ruling that other information could be used only if there were a failure to file the certificates by October 1 and then only to determine the average tax rate throughout the State. Nowhere in RSA 41:15 is the commissioner authorized to direct the selectmen as to what their appraisals must be. Although RSA 41:15-a imposes a penalty upon the selectmen if they fail to file certificates by October 1, it does not authorize the commissioner to make the appraisals.

The commissioner is authorized to make reassessments under RSA 71-B:16 to :19 (Supp. 1975), but only when so ordered by the board of taxation after noncompliance with its order to the selectmen to make an assessment or reassessment. This procedure has not been followed in the case before us. Additionally the commissioner, through the appraisal division, may assist municipalities in appraisals and valuations and, in specified instances, make appraisals and prepare a standard appraisal manual and instruct officials in appraising property. RSA 71-A:31 (Supp. 1975). This does not authorize the action of the commissioner in the present case to compel the acceptance by the selectmen of the Sewall figures as a basis for their assessments.

In short, we find that the statutes do not authorize the action taken by the commissioner in this case.

*Exceptions overruled.*

LAMPRON, J., did not sit.